EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Condómines del Condominio Meadows Tower<br><br>    Recurrido<br><br>v.<br><br>Meadows Development, Corp., F& R. Construction, Corp.<br><br>    Peticionario | Certiorari<br><br>2014 TSPR 59<br><br>190 DPR ____ |

Número del Caso: CC-2013-712


Fecha: 11 de abril de 2014


Tribunal de Apelaciones, Región Judicial de San Juan


Abogado de la Parte Peticionaria:

        Lcdo. Juan E. Nater Santana


Abogado de la Parte Recurrida:

        Lcdo. José De La Cruz Skerrett


Materia: Ley de Procedimiento Administrativo Uniforme – Sección 3.15: Plazo para que la agencia resuelva una moción de reconsideración.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Condómines del Condominio Meadows Tower<br>        Recurrido<br><br>        v.<br><br>Meadows Development, Corp.,<br>F & R Construction, Corp.<br>        Peticionarios | *Certiorari*<br><br>CC-2013-712 |

Opinión del Tribunal emitida por la Jueza Asociada señora FIOL MATTA

En San Juan, Puerto Rico, a 11 de abril de 2014.

El 23 de agosto de 2006, la Asociación de Condóminos del Condominio Meadows Tower[1] presentó una querella ante el Departamento de Asuntos del Consumidor (DACO) contra Meadows Development Corp. y F & R Construction, Corp., entre otros, por los vicios de construcción que alegadamente sufría el edificio. La querellante alegó, en síntesis, que el edificio sufría de vicios o defectos de construcción en las áreas de las escaleras, paredes exteriores de bloques, los ascensores, pavimentos exteriores,

---

[1] Según las Determinaciones de Hechos detalladas en la Resolución emitida por el DACO el 13 de noviembre de 2012, el Condominio Meadows Tower fue sometido al régimen de propiedad horizontal en julio de 2003. Apéndice del *Certiorari*, págs. 1-19.

pisos de áreas comunes y los adoquines de la entrada.

Celebradas las vistas correspondientes y concluido el desfile de prueba ante el foro administrativo, el 13 de noviembre de 2012 el DACO emitió y archivó en autos copia de la notificación de una Resolución en la que declaró con lugar la querella contra Meadows Development y F & R Construction. Le ordenó a los querellados que repararan el pavimento, las paredes, los ascensores, adoquines y las escaleras a su costo, de manera solidaria. F & R Construction y la parte querellante presentaron sus mociones de reconsideración el día 3 de diciembre de 2012 y el DACO las acogió el 12 de diciembre de 2012. No obstante, el 1 de marzo de 2013, la agencia notificó a las partes que había decidido extender el término para resolver las mociones de reconsideración treinta días adicionales. Indicó que se veía obligada a prorrogar el término por dificultades con los sistemas de computación y otros asuntos inesperados. También explicó que si el término adicional transcurría sin que se emitiera una decisión, la agencia perdería jurisdicción y la parte afectada tendría treinta días para solicitar la revisión judicial en el Tribunal de Apelaciones.

Al no producirse la resolución, la parte querellante presentó su recurso de revisión judicial en el foro apelativo intermedio el 29 de abril de 2013. F & R Construction también solicitó revisión judicial unos

días después, el 2 de mayo de 2013. Los recursos fueron consolidados, pero al dictar sentencia el 21 de junio de 2013, el Tribunal de Apelaciones dejó sin efecto la consolidación y desestimó el recurso presentado por F & R Construction.[2] El foro intermedio resolvió que carecía de jurisdicción para atender el recurso de F & R Construction porque se había presentado tardíamente. Razonó que el plazo que tenía el DACO para resolver las mociones de reconsideración, incluyendo la prórroga de treinta días, venció el 31 de marzo de 2013, por lo cual las partes afectadas tenían hasta el 30 de abril de 2013 para presentar sus respectivos recursos de revisión judicial. Por esa razón, según el foro apelativo intermedio, el único recurso que se presentó a tiempo fue el de la parte querellante. Asimismo, manifestó el tribunal que aun tomando el 1 de abril de 2013 como punto de partida para calcular el plazo disponible para la revisión judicial, este hubiese vencido el 1 de mayo de 2013, el día antes de que F & R Construction presentara su recurso.

Inconforme, F & R Construction sometió una primera moción de reconsideración que fue denegada el 9 de julio

---

[2] El 28 de junio de 2013, se archivó en autos copia de la notificación de la sentencia. Apéndice del *Certiorari*, págs. 247-252.

de 2013 y notificada el 22 de ese mes.[3] Insatisfecho con esta decisión, el 21 de agosto de 2013, F & R Construction presentó su recurso de *certiorari* ante este Tribunal.[4] Examinado el mismo, le ordenamos a la parte recurrida que mostrara causa por la cual no debíamos revocar la Sentencia del Tribunal de Apelaciones. El 19 de septiembre de 2013 recibimos su escrito oponiéndose a lo solicitado. Habiéndose perfeccionado el recurso, expedimos.

F & R Construction alega que el Tribunal de Apelaciones cometió dos errores en el trámite de su recurso de revisión judicial. Habremos de examinar el primero, que considera equivocada la desestimación del recurso por falta de jurisdicción.[5]

---

[3] F & R Construction insistió en su posición en una segunda moción de reconsideración que presentó ante el Tribunal de Apelaciones el 24 de julio de 2013. El 15 de agosto de 2013 el Tribunal desestimó la segunda solicitud por falta de jurisdicción, pues su reglamento sólo le autoriza atender una moción de reconsideración. Regla 84 (D) del Reglamento del Tribunal de Apelaciones de Puerto Rico. 4 L.P.R.A., Ap. XXII-B, R. 84.

[4] También solicitó que en auxilio de nuestra jurisdicción paralizáramos la consideración del recurso de revisión judicial presentado por la parte recurrida en el foro apelativo. Sin embargo, ese mismo día, el Tribunal de Apelaciones notificó la sentencia resolviendo el caso que se solicitó paralizar y, por consiguiente, desestimamos la moción en auxilio de jurisdicción.

[5] No es necesario examinar en detalle el segundo error señalado que aduce que el Tribunal de Apelaciones erró al denegar la segunda moción de reconsideración por falta de jurisdicción, asunto que hemos resuelto reiteradamente en contra del planteamiento del peticionario. Recurso de *Certiorari*, pág. 4. Véase

I

Hemos sostenido que "el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico".[6] Para cumplir con ese principio, el artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[7]

En su sección 4.2, la Ley de Procedimiento Administrativo Uniforme (LPAU) instituye un término de treinta días para solicitar la revisión judicial de una decisión o resolución final de una agencia administrativa.[8] Este término es de carácter jurisdiccional.[9] Específicamente, la regla provee que

---

Interior Developers v. Mun. de San Juan, 177 D.P.R. 693, 702 (2009); Juliá et al. v. Epifanio Vidal, S.E., 153 D.P.R. 357, 363 (2001).

[6] Picorelli López v. Depto. de Hacienda, 179 D.P.R. 720, 736 (2010); Asoc. Vec. de Altamesa Este v. Mun. San Juan, 140 D.P.R. 24, 34 (1996).

[7] Ley Núm. 201-2003, 4 L.P.R.A. sec. 24 y (c).

[8] Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2172.

[9] Méndez v. Corp. Quintas San Luis, 127 D.P.R. 635, 637 (1991).

este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración según dispone la sección 3.15 de la LPAU.[10]

En su forma original, esta sección otorgaba a la parte adversamente afectada un término de treinta días desde la notificación de la resolución para solicitar la reconsideración. Si la agencia tomaba alguna determinación, el término para solicitar la revisión judicial se interrumpía y comenzaba nuevamente cuando se archivaba en autos la notificación de la resolución de la agencia que resolvía definitivamente la moción.[11] De manera que, a esa fecha, la LPAU no imponía a las agencias resolver las mociones de reconsideración dentro de un término específico. Bastaba con que la moción fuera acogida para que la agencia pudiera considerar sus méritos en cualquier momento posterior.

Esta situación cambió en agosto de 1989, cuando la Ley Núm. 43 enmendó la sección 3.15 de la LPAU, *supra*, para, entre otras cosas, limitar el tiempo que tienen

---

[10] 3 L.P.R.A. sec. 2165. Véase Flores Concepción v. Taíno Motors, 168 D.P.R. 504, 513 (2006); Misión Ind. P.R. v. J.P., 146 D.P.R. 64, 115-116 (1998).

[11] Ley Núm. 170 de 12 de agosto de 1988, 1988 L.P.R. pág. 843.

las agencias para resolver definitivamente las mociones de reconsideración que son acogidas.[12] Se estableció para ello un término máximo de noventa días calculado desde la fecha en que se presenta la moción. Transcurrido ese término, la ley disponía que la agencia perdería jurisdicción, lo cual daría comienzo al plazo para solicitar la revisión judicial. Ahora bien, a la vez que limitó el tiempo que tendrían las agencias para resolver las mociones de reconsideración que hubiesen decidido acoger, la ley de 1989 estableció un procedimiento para extender el plazo concedido. Para ello se requería que la agencia acudiera al tribunal y este, "por justa causa," prorrogara el término, por un "tiempo razonable".[13] Unos años después, a tono con el estado de derecho así establecido, resolvimos que únicamente mediante justa causa y contando con autorización judicial se podría prorrogar el término original de noventa días por un período razonable.[14]

En el 1995, la sección 3.15 tuvo varios cambios que finalmente moldearon la norma que, en su versión actual,

---

[12] Ley Núm. 43 de 5 de agosto de 1989, 1989 L.P.R. pág. 162.

[13] *Íd.*

[14] Pagán Ramos v. F.S.E., 129 D.P.R. 888, 904 (1992).

dispone lo siguiente sobre la moción de reconsideración:[15]

> Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.[16]

Acorde a lo anterior, si la reconsideración se ha solicitado oportunamente, la agencia dispone de quince días para tomar alguna acción que le permita retener jurisdicción para resolverla. Claro está, en ese plazo puede denegar o conceder lo solicitado, pero igualmente puede no actuar y, con ello, rechazar la moción de

---

[15] Ley Núm. 247-1995, 1995 L.P.R. pág. 1458. Entre otros cambios, se eliminó el carácter jurisdiccional de la moción de reconsideración como prerrequisito para la presentación de un recurso de revisión judicial. Véase Aponte v. Policía de P.R., 142 D.P.R. 75, 80-82 (1996). D. Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Bogotá, Ed. Forum, 2013, pág. 632.

[16] Sección 3.15, L.P.A.U., *supra*, 3 L.P.R.A. § 2165.

plano.[17] Si la agencia acoge la moción de reconsideración debe resolverla en noventa días o perderá su jurisdicción. En ese momento, comenzará otro plazo, esta vez de treinta días, durante el cual la parte adversamente afectada puede solicitar la revisión judicial.[18] Sumados los términos, como regla general, la posibilidad de solicitar la revisión judicial de la determinación de una agencia vencerá a los ciento veinte días desde que se presenta una moción de reconsideración que es acogida pero no resuelta por la agencia.[19]

Ahora bien, la enmienda de 1995 no eliminó la posibilidad de extender el plazo para resolver una moción de reconsideración debidamente presentada y acogida. Más bien, la flexibilizó al permitirle a la propia agencia extender dicho término por un máximo de treinta días adicionales, por justa causa y siempre que actúe dentro de los noventa días originales que la ley establece para resolver la reconsideración. De esa forma, aunque se elimina la necesidad de intervención judicial, la agencia no puede otorgarse a sí misma una prórroga indefinida. En vez, la ley establece la

---

[17] Flores Concepción v. Taíno Motors, *supra*, págs. 514-515; Misión Ind. P.R. v. J.P., *supra*, págs. 115-116; Pagán Ramos v. F.S.E., *supra*, págs. 903-905.

[18] Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 D.P.R. 816, 822-823 (1999).

[19] Maldonado v. Junta de Planificación, 171 D.P.R. 46, 57 (2007).

posibilidad de un plazo máximo de treinta días además del plazo ordinario de noventa días para que la agencia disponga de la reconsideración.

Con el fin de estudiar el propósito de este cambio en los procedimientos de reconsideración en el foro administrativo y precisar la solución a la controversia que nos presenta este caso, debemos examinar las siguientes expresiones contenidas en el Informe de la Comisión de lo Jurídico del Senado sobre el proyecto que introdujo dichas enmiendas:

> La enmienda a la Sección 3.15 ofrece la flexibilidad a las agencias para que puedan resolver las mociones de reconsideración dentro de un periodo razonable. Se mantiene el plazo de noventa (90) días para resolver una moción de reconsideración, pero se establece que la agencia puede tomarse hasta un máximo de treinta (30) días adicionales para resolver la moción sin tener que pedir una prórroga al tribunal, como se exige en la actualidad. La realidad es que no se justifica el gasto y esfuerzo que representa acudir a un tribunal para obtener una prórroga para resolver una moción de reconsideración. Muchas agencias no lo hacen y pierden jurisdicción para resolver, en perjuicio del ciudadano afectado, quien tiene que incurrir entonces en gastos para solicitar una revisión judicial que probablemente sería innecesaria si le hubiera dado tiempo a la agencia para reconsiderar.

> Por otro lado, la prórroga de treinta (30) días que aquí se contempla es razonable, pues el ciudadano tampoco debe estar sujeto a la inacción de la agencia por un tiempo indefinido. Como la consideración no será jurisdiccional es presumible que se presentarán menos mociones de esta índole y que las agencias podrán resolver las mociones que se presenten dentro del plazo máximo para

resolver dentro de ciento veinte (120) días que se dispone en la enmienda.[20]

Las expresiones anteriores indican que la decisión legislativa de permitir que los organismos administrativos puedan prorrogar el plazo para disponer de las reconsideraciones, responde a los mismos objetivos de rapidez, agilidad, sencillez y accesibilidad que han dado forma a los procedimientos adjudicativos en el ámbito administrativo.[21]

Por su parte, el Reglamento Número 8034 de Procedimientos Adjudicativos del DACO, aprobado en junio de 2011, contiene un texto equivalente al de la sección 3.15 de la LPAU, *supra*. En lo aquí pertinente, la Regla 29.1 del Reglamento 8034 dispone que el DACO perderá jurisdicción si no toma alguna acción en noventa días sobre la moción de reconsideración acogida "salvo que la agencia, por justa causa prorrogue el tiempo para resolver, por un periodo que no excederá de treinta (30)

---

[20] Informe de la Comisión de lo Jurídico del Senado de Puerto Rico, Informe sobre el P. de la C. 1684, 25 de octubre de 1995. Véase también, el Informe de la Comisión de Gobierno de la Cámara de Representantes de Puerto Rico sobre el P. de la C. 1684, 24 de octubre de 1995.

[21] Almonte *et al*. v. Brito, 156 D.P.R. 475, 481 (2002); López y otros v. Asoc. de Taxis de Cayey, 142 D.P.R. 109, 113 (1996); Srio. D.A.C.O. v. J. Condóminos C. Martí, 121 D.P.R. 807, 821 (1988); López Vives v. Policía de P.R., 118 D.P.R. 219, 231 (1987).

días".[22] En sintonía con el propósito de la LPAU, el Reglamento señala que su objetivo es asegurar la "solución justa, rápida y económica de las querellas".[23]

## II

Para entender cómo aplican los plazos establecidos en la sección 3.15 de la LPAU, *supra*, al caso en estudio, a continuación detallamos los eventos procesales en orden cronológico.

El 13 de noviembre de 2012, el DACO emitió una Resolución final que afectó adversamente al peticionario, F & R Construction. Por esa razón, el peticionario presentó una moción de reconsideración el 3 de diciembre de 2012. El 12 de diciembre de 2012, el DACO acogió la moción. Por lo tanto, según la sección 3.15 de la LPAU, *supra*, el término para solucionar dicha moción comenzó a contar el 4 de diciembre de 2012 y normalmente hubiera expirado noventa días después, el 3 de marzo de 2013.[24] Sin embargo, el 1 de marzo de 2013, el DACO prorrogó el plazo para resolver la moción de reconsideración por unos treinta días adicionales.

En su *"Moción en Cumplimiento de Resolución y Oposición a la Expedición de Auto de Certiorari"* la

---

[22] Reglamento de Procedimientos Adjudicativos del DACO, Reglamento Núm. 8034, Departamento de Estado, 13 de junio de 2011, Regla 29.1, págs. 30-32.

[23] *Íd*. Regla 1, pág. 1.

[24] Ortiz v. Adm. Sist. de Retiro Emp. Gob., *supra*, pág. 822.

parte recurrida argumenta que los treinta días de prórroga deben contarse desde el 1 de marzo de 2013, es decir, cuando la agencia notificó la extensión del término a las partes. Según la propuesta de la parte recurrida, los treinta días de prórroga que permite la ley no comienzan al vencerse el plazo original de noventa días, sino cuando la agencia notifique que ha decidido prorrogar dicho plazo. Si acogiéramos esta interpretación, al notificar la decisión de prorrogar el DACO habría acortado el plazo de noventa días dispuesto por ley a uno de ochenta y ocho días. Obviamente, esto no es cónsono con los propósitos y fines de la norma de reconsideración administrativa, ni con la intención legislativa de otorgar a las agencias la posibilidad de extender el plazo para atender a cabalidad los planteamientos de las partes. Además, como la agencia viene obligada a notificar la prórroga dentro de los noventa días originales, el término resultante nunca sería de ciento veinte días, a menos que siempre se notificase en el día noventa.

Por tanto, aclaramos que la oportuna notificación por el DACO de su decisión de prorrogar el término original de noventa días no tuvo el efecto de descontar los días que le restaban a dicho plazo según el texto de la sección 3.15 de la LPAU, *supra*. De esa manera, el plazo para resolver la reconsideración se aumentó a un

total de ciento veinte días que comenzaron a contar desde la presentación de la moción de reconsideración. Al actuar según provee la ley, el DACO le añadió treinta días al término que, de no haberse prorrogado, hubiese concluido el 3 de marzo de 2013. El nuevo plazo para resolver la reconsideración terminaba el martes 2 de abril de 2013.

Esta interpretación se sustenta en la intención de la enmienda del 1995 de expandir el término disponible a las agencias para resolver las reconsideraciones. Lo contrario resultaría "en perjuicio del ciudadano afectado, quien tiene que incurrir entonces en gastos para solicitar una revisión judicial que probablemente sería innecesaria si le hubiera dado tiempo a la agencia para reconsiderar".[25] Debemos añadir que esta aritmética brinda seguridad y uniformidad a todas las partes porque establece un plazo máximo de fácil determinación. Además, evita que el ciudadano esté sujeto a "inacción de la agencia por un tiempo indefinido".[26]

Por todo lo anterior, expedimos el auto y resolvemos que F & R Construction contaba con un término jurisdiccional de treinta días desde el 3 de

---

[25] Informe de la Comisión de lo Jurídico del Senado de Puerto Rico, *supra*.

[26] Informe de la Comisión de Gobierno, *supra*. Cabe señalar que si una agencia entiende que necesita un plazo mayor a noventa días, pero menor de ciento veinte para resolver una reconsideración, nada le impide notificar un plazo que sea menor al de treinta días.

abril de 2013 para solicitar la revisión judicial según la sección 4.2 de la LPAU, *supra*. Este cálculo corresponde al transcurrir del plazo de noventa días a partir de la presentación de la moción de reconsideración, más unos treinta días adicionales de prórroga dispuestos por la agencia. Según el cómputo anterior, el peticionario tenía hasta el 2 de mayo de 2013 para presentar su recurso de revisión judicial ante el Tribunal de Apelaciones. Habiéndolo hecho ese mismo día, el Tribunal de Apelaciones tenía jurisdicción para atender el recurso. Por lo tanto, se cometió el primer error señalado y procede revocar la resolución recurrida y devolver el caso al foro apelativo para que continúen los procedimientos.

Se dictará sentencia de conformidad.


Liana Fiol Matta
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Condómines del Condominio Meadows Tower
        Recurrido

v.

Meadows Development, Corp., F & R Construction, Corp.
        Peticionarios

*Certiorari*

CC-2013-712

SENTENCIA

En San Juan, Puerto Rico, a 11 de abril de 2014.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, expedimos el auto. Se revoca la resolución recurrida y se devuelve el caso al Tribunal de Apelaciones para que continúen los procedimientos.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo