EN EL TRIBUNAL SUPREMO DE          PUERTO RICO

| | |
|---|---|
| Sandra Coss Iglesias, Miguel Muñoz Lizardi, etc.<br><br>    Recurridos<br><br>              v.<br><br>Hospital Interamericano de Medicina Avanzada, etc.<br><br>    Peticionarios | Certiorari<br><br>2003 TSPR 43<br><br>158 DPR \_\_\_\_ |

Número del Caso: CC-2001-813


Fecha: 25 de marzo de 2003


Tribunal de Circuito de Apelaciones:
                    Circuito Regional VI


Panel integrado por su Presidente, el Juez Salas Soler y los Jueces Rodríguez García y Escribano Medina


Abogado de la Parte Peticionaria:
                    Lcdo. Pedro Toledo González


Abogado de la Parte Recurrida:
                    Lcdo. Wilfredo Luciano Quiñones


Materia: Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sandra Coss Iglesias, Miguel
Muñoz Lizardi, Etc.

    Recurridos

        vs.                     CC-2001-813        Certiorari

Hospital Interamericano de
Medicina Avanzada, Etc.

    Peticionarios

PER CURIAM

San Juan, Puerto Rico, a 25 de marzo de 2003.

En el caso de autos, en lo pertinente aquí, el peticionario Hospital Interamericano de Medicina Avanzada (en adelante HIMA) presentó oportunamente un recurso de apelación ante el Tribunal de Circuito de Apelaciones el 10 de agosto de 2001, a la 1:51 de la tarde, a fin de impugnar un dictamen sobre responsabilidad civil torticera emitido en su contra por el Tribunal de Primera Instancia, Sala Superior de Caguas. **El recurso referido fue notificado al foro de instancia mediante correo certificado el 15 de agosto de 2001.**

Así las cosas, el 31 de agosto de 2001 el foro apelativo desestimó el recurso de apelación del HIMA, por haber sido notificado tardíamente al foro de

instancia, transcurrido ya el término de 48 horas dispuesto para ello en el Reglamento del Tribunal de Circuito de Apelaciones.

Insatisfecho con dicha determinación, el HIMA recurrió ante nos y planteó el siguiente señalamiento de error:

> "Cometió error el Tribunal de Circuito de Apelaciones al desestimar el recurso de apelación radicado por el peticionario."

El 30 de noviembre de 2001 expedimos el recurso de *certiorari* presentado por HIMA, a fin de revisar la resolución del foro apelativo del 31 de agosto de 2001. El 3 de junio de 2002 el peticionario presentó su alegato; el 13 de julio de 2002 la parte recurrida presentó el suyo. Pasamos a resolver.

II

En síntesis, el peticionario **no planteó que hubiese causa justificada para la tardanza en notificar al foro de instancia su escrito de apelación.** Sólo alegó ante el foro apelativo y ante nos que la notificación en cuestión se hizo a tiempo. Adujo que el escrito de apelación se había presentado ante el Tribunal de Circuito de Apelaciones el viernes, 10 de agosto de 2001, a la 1:51 de la tarde; **y que como el término reglamentario de 48 horas comenzaba a transcurrir el próximo día hábil, que era el lunes 13 de agosto de 2001, por tanto dicho término vencía el miércoles 15 de agosto de 2001, que fue la fecha en que se notificó**

copia del escrito referido al tribunal de instancia. Veamos si tiene razón.

La Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII, R. 14(B) establece en su inciso (B) lo siguiente:

> (B) De presentarse el recurso de apelación en la Secretaría del Tribunal de Circuito de Apelaciones, la parte apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. El término aquí dispuesto será de cumplimiento estricto.

Como puede observarse, la Regla es clara en el sentido de que se deberá notificar copia del escrito de apelación a la Secretaría del la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación.

Es menester notar que lo dispuesto en la referida Regla 14 también está igualmente preceptuado en la Regla 53.1(b) de Procedimiento Civil de Puerto Rico. Esta otra norma procesal también dispone que la notificación del escrito de apelación al foro de instancia ocurrirá "dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación",

Al aplicar la disposición de las dos reglas referidas a los hechos particulares del caso de autos, nos enfrentamos al problema novel que éste presenta. Resulta que al seguir dicha

disposición conforme a su estricto significado literal, tendríamos que concluir que la notificación al foro de instancia que aquí nos concierne vencía el domingo 12 de agosto a la 1:51 de la tarde. Sin embargo, tal conclusión es obviamente improcedente dado que ni los tribunales ni el correo operan en un día tal. En vista de lo anterior, debemos entonces traer a colación lo dispuesto en la Regla 68.1 de Procedimiento Civil de Puerto Rico, que contiene la norma procesal medular sobre cómo se computan los términos procesales.

La Regla 68.1 de Procedimiento Civil dispone lo siguiente:

> En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. Cuando el plazo prescrito o concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo. Medio día feriado se considerará como feriado en su totalidad. (Énfasis suplido).

Veamos ahora el efecto de lo dispuesto por la Regla 68.1 referida con respecto al caso de autos.

En primer lugar, es claro que tratándose de un término menor de siete días el que aquí nos concierne, los sábados, domingos o días festivos se excluyen del cómputo correspondiente. Planned Credit of P.R., Inc. v. Page, 103 D.P.R. 245, 254 (1975).

En segundo lugar, es claro también que el día cuando se presentó el recurso ante el foro apelativo –el viernes 10 de agosto– tampoco se cuenta, en vista de que la Regla 68.1 expresamente dispone también que en la computación de cualquier término, no se contará el día en que se realice el acto después del cual el término fijado empieza a correr.

Aplicado al caso de autos lo señalado en los dos párrafos anteriores, resulta entonces que las 48 horas en cuestión comenzaron a decursar el lunes 13 de agosto y vencían el miércoles 15 de agosto.

Al armonizar las reglas referidas, concluimos, pues, que el peticionario tiene razón en su planteamiento. El término de 48 horas referido no comenzaba a transcurrir hasta el lunes 13 de agosto, por lo que su notificación no fue tardía.

Lo anterior no obstante, reiteramos que los abogados no deben esperar hasta el último momento para hacer notificaciones como las que aquí nos concierne. El peticionario se hubiera evitado los inconvenientes que ha encarado en el caso de autos si la notificación en cuestión se hubiese realizado tan pronto se presentó el escrito de apelación, que es la práctica más aconsejable.

Por los fundamentos expuestos, se dictará sentencia para revocar la resolución del foro apelativo del 31 de agosto de 2001 y dejar sin efecto la desestimación del recurso de HIMA. Deberán continuar los procedimientos allí, conforme a lo resuelto aquí.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sandra Coss Iglesias, Miguel
Muñoz Lizardi, Etc.

    Recurridos


       vs.                       CC-2001-813      Certiorari


Hospital Interamericano de
Medicina Avanzada, Etc.

    Peticionarios


SENTENCIA


San Juan, Puerto Rico, a 25 de marzo de 2003.


    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se dicta sentencia revocando la resolución del Tribunal de Circuito de Apelaciones del 31 de agosto de 2001 y se dejar sin efecto la desestimación del recurso de HIMA. Deberán continuar los procedimientos allí, conforme a lo resuelto aquí.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.


                    Patricia Otón Olivieri
                Secretaria del Tribunal Supremo