EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Saldaña Egozcue, Enid P. de Saldaña, la Sociedad de Bienes Gananciales compuesta por ambos e Invesa Incorporado<br><br>        Peticionarios<br><br>                  v.<br><br>Junta de Administración Central del Condominio Park Terrace, et al.<br><br>        Recurridos | Certiorari<br><br>2018 TSPR 203<br><br>201 DPR ____ |

Número del Caso: AC-2017-28


Fecha: 14 de diciembre de 2018

Tribunal de Apelaciones:

        Región Judicial de San Juan y Fajardo


 Abogados de la parte peticionaria:

        Lcdo. Carlos Lugo Fiol
        Lcda. Bárbara M. Rivera Sánchez

 Abogados de la parte Recurrida:

        Lcdo. Iván A. Colón Morales
        Lcdo. Gerardo A. Quirós López
        Lcda. Alexandra T. Nolla Acosta
        Lcda. Teresita Mercado Vizcarrondo
        Lcdo. Mario R. Oronoz Rodríguez
        Lcdo. Roberto A. Rivera Ruiz


Materia: Derecho Administrativo - Cómputo del término para acudir en revisión judicial de una moción de reconsideración no atendida por una agencia administrativa en aquellos casos en los que el término vence sábado, domingo o día feriado.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Héctor Saldaña Egozcue, Enid P. de Saldaña, la Sociedad de Bienes Gananciales compuesta por ambos e Invesa Incorporado<br><br>        Peticionarios<br><br><br>        v.<br><br><br><br>Junta de Administración Central del Condominio Park Terrace, *et al*.<br><br><br>        Recurridos | AC-2017-0028 | Apelación |

El Juez Asociado señor ESTRELLA MARTÍNEZ emitió la Opinión del Tribunal.

San Juan, Puerto Rico, a 14 de diciembre de 2018.

En esta ocasión tenemos la necesidad de aclarar cómo se computa el término para acudir en revisión judicial de una moción de reconsideración no atendida por una agencia administrativa, en aquellos casos en que los quince días que concede la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), infra, venzan un sábado, domingo o día feriado.

Con lo anterior en mente, pasemos a examinar el trasfondo fáctico y procesal que originó la controversia del caso de epígrafe.

I

El Sr. Héctor Saldaña Egozcue, la Sra. Enid P. de Saldaña, la Sociedad Legal de Gananciales compuesta por ambos e Invesa Incorporado (peticionarios) presentaron cinco querellas en contra del Consejo de Titulares del Condominio Park Terrace, la Junta de Directores del Condominio (Junta) y varios miembros de ésta en su carácter personal (recurridos), ante el Departamento de Asuntos del Consumidor (DACo), a los fines de impugnar varias acciones realizadas por la Junta. Alegaron incumplimientos con: el manejo de cuentas, el establecimiento del presupuesto anual, los mandatos de asambleas realizadas y los nombramientos de los miembros de la Junta. Por ello, impugnaron los presupuestos anuales y solicitaron la remoción de varios miembros de la Junta por incurrir en negligencia crasa, entre otras cosas.

Posteriormente, el DACo consolidó las cinco querellas e inició un sinnúmero de trámites procesales que se extendieron por varios años. Finalmente, el 3 de octubre de 2016, la agencia emitió una Resolución, notificada el **4 de octubre de 2016**, mediante la cual desestimó varias de las causas de acción presentadas en las querellas, salvo una de ellas.

En desacuerdo, el **21 de octubre de 2016**, los peticionarios presentaron una <u>Moción de Reconsideración Parcial</u> ante el DACo. Ahora bien, toda vez que el DACo no acogió ni se expresó sobre la referida moción, los peticionarios la tuvieron por rechazada de plano. Así, el **7 de diciembre de 2016**, presentaron un recurso de revisión judicial ante el Tribunal de Apelaciones en el que impugnaron los méritos del dictamen del DACo. En lo pertinente a la controversia ante nos, los peticionarios justificaron que conforme a la Sección 3.15 de la LPAU, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 LPRA sec. 2165, y el Artículo 388 del Código Político, 1 LPRA sec. 72, el término de quince días que el DACo tenía "para expresarse en cuanto a dicha Solicitud de Reconsideración Parcial expiró el 7 de noviembre de 2016".[1]

En respuesta, los recurridos presentaron ante el foro apelativo intermedio una <u>Moción de desestimación por falta de jurisdicción</u>, en la que plantearon que el recurso de revisión judicial se presentó tardíamente. Sostuvieron que la Regla 68.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1, y el Artículo 388 del Código Político, <u>supra</u>, eran inaplicables, por lo que el término de quince días que otorga la Sección 3.15 de la LPAU, <u>supra</u>, a la agencia administrativa para actuar sobre la moción de reconsideración, venció el sábado, 5 de

---

[1] Revisión Judicial de Decisión Administrativa, Apéndice de la apelación, pág. 220.

noviembre de 2016. Ante ello, plantearon que el término para recurrir en revisión judicial al foro apelativo intermedio que establece la Sección 4.2 de la LPAU, 3 LPRA sec. 2172, comenzó a transcurrir el domingo, 6 de noviembre de 2016, y venció el lunes, 5 de diciembre de 2016.

Por su parte, los peticionarios presentaron una *Oposición a Moción de Desestimación*. En su escrito, arguyeron que la Regla 68.1 de las Reglas de Procedimiento Civil, supra, y el Artículo 388 del Código Político, supra, eran aplicables al cómputo de "cualquier término concedido por cualquier estatuto o ley aplicable".[2] Por tanto, señalaron que el término de quince días que otorga la Sección 3.15 de la LPAU, supra, a la agencia administrativa, se extendió hasta el lunes, 7 de noviembre de 2016, como el próximo día laborable. Adujeron, además, que la propuesta de los recurridos provocaría una reducción del término de quince días que el legislador otorgó al DACo para actuar sobre una moción de reconsideración. Es decir, que si el DACo decidía o determinaba actuar sobre la moción de reconsideración debía hacerlo el viernes, 4 de noviembre de 2016, un día antes de vencer el término de quince días que otorga la Sección 3.15 de la LPAU, supra.

Posteriormente, las partes presentaron numerosos escritos ante el Tribunal de Apelaciones. En síntesis, los

---

[2]*Oposición a Moción de Desestimación*, Apéndice de la apelación, pág. 191.

recurridos alegaron que la Regla 68.1 de las Reglas de Procedimiento Civil, <u>supra</u>, y el Artículo 388 del Código Político, <u>supra</u>, eran aplicables cuando "el vencimiento del plazo o el término **para que una parte** realice un acto cae sábado, domingo o día feriado". (énfasis suplido).[3] Conforme a ello, plantearon que el DACo no era parte en el pleito. Además, adujeron que los peticionarios buscaban aplicar las disposiciones legales para prorrogar el inicio del término para presentar un recurso de revisión judicial ante el foro apelativo intermedio.

Por su parte, los peticionarios sostuvieron que las disposiciones legales mencionadas no establecían una limitación de aplicación a las partes del pleito. Reiteraron que acoger la solicitud de los recurridos implicaba una reducción del término que la Sección 3.15 de la LPAU, <u>supra</u>, otorgó a las agencias administrativas para actuar.

Ponderados los argumentos de las partes, el foro apelativo intermedio desestimó el recurso de revisión judicial por falta de jurisdicción. Específicamente, el foro apelativo intermedio concluyó lo siguiente:

> Adviértase que la *Resolución* original en este caso se notificó el 4 de octubre de 2016. La Reconsideración que presentaron los querellantes-recurrentes se radicó el 21 de octubre de 2016. Según expusimos anteriormente, DACo tenía quince (15) días para acoger la solicitud de reconsideración. Ese término venció el [sábado,] 5 de noviembre de 2016. Por tanto,

---

[3]Réplica a Oposición, Apéndice de la apelación, pág. 198.

el término jurisdiccional para presentar un recurso de revisión judicial comenzó a [decursar] el día siguiente, domingo 6 de noviembre de 2016. Es a partir del 6 de noviembre que comenzó el término de 30 [días] para recurrir en revisión judicial. Culminando este el 5 de diciembre de 2016. La parte recurrente tenía que presentar su recurso dentro del término jurisdiccional. Habida cuenta de que lo presentó el 7 de diciembre de 2016, el recurso fue radicado vencido el término jurisdiccional.[4]

En desacuerdo, los peticionarios solicitaron la reconsideración del dictamen, la cual fue declarada "no ha lugar" por el foro apelativo intermedio.

Inconformes aún, los peticionarios recurren ante nos mediante un recurso de apelación solicitando que revoquemos el dictamen emitido por el Tribunal de Apelaciones. En resumen, plantean que el foro apelativo intermedio erró al no computar los términos dispuestos en la Sección 3.15 de la LPAU, supra, conforme a lo establecido en el Artículo 388 del Código Político, supra, y la Regla 68.1 de las Reglas de Procedimiento Civil, supra.

Una vez expedido el recurso acogido como un certiorari y con el beneficio de los alegatos de ambas partes, procedemos a exponer el derecho aplicable para atender el asunto ante nuestra consideración.[5]

---

[4]Sentencia, Apéndice de la apelación, pág. 7.

[5]Conforme a la Regla 30 (6) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, que establece como fundamento para expedir un recurso de certiorari, la existencia de un conflicto "entre paneles del Tribunal de Apelaciones sobre el asunto en cuestión", concluimos que esta controversia ha generado dictámenes contradictorios por lo que existe la

A la luz del cuadro fáctico y procesal que antecede, procedemos a exponer el derecho aplicable.

II

A.

La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU), supra, tuvo el propósito de uniformar los procedimientos administrativos ante las agencias.[6] De esta forma, la precitada ley estableció un cuerpo de reglas mínimas para gobernar los procesos de adjudicación y reglamentación en la administración pública. Exposición de Motivos de la Ley Núm. 170 de 12 de agosto de 1988, Leyes de Puerto Rico, págs. 825-826; Vitas Health Care v. La Fe et al., 190 DPR 56, 65 (2014). Véanse, además:

_____

necesidad de precisar el cómputo del término que nos ocupa. Véanse: B. Induveca, S.A. v. Departamento de Estado de Puerto Rico, KLRA200801272; Gooden v. Departamento de la Familia, KLRA200100225; Ex-Agente Ángel Pacheco Quiñones v. Policía de Puerto Rico, KLRA0000188.

[6]Los hechos de este caso surgen en el año 2008. En ese momento, aún estaba vigente la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU), Ley Núm. 170 de 12 de agosto de 1988, cuyas disposiciones hacemos referencia. No obstante, a pesar de que las secciones pertinentes a la controversia presentan un lenguaje prácticamente idéntico, debemos mencionar que fue enmendada el 1 de julio de 2017, por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017. Compárese 3 LPRA secs. 2165 y 2172, con 3 LPRA secs. 9655 y 9672. Véase, también, Autoridad de Acueductos y Alcantarillados v. Unión Independiente Auténtica de Empleados de la Autoridad de Acueductos y Alcantarillados, res. el 6 de agosto de 2018, 2018 TSPR 146.

Cordero Vargas v. Pérez Pérez, 198 DPR 848, 857 (2017);

Pagán Román v. F.S.E., 129 DPR 888, 897 (1992);

Hernández v. Golden Tower Dev. Corp., 125 DPR 744, 748

(1990) (Per curiam). Así, el legislador estableció un

procedimiento uniforme, tanto para la presentación de

una moción de reconsideración ante las agencias, como

para recurrir en revisión judicial ante el Tribunal de

Apelaciones. Fonte Elizondo v. F & R Const., 196 DPR

353, 358 (2016).

**B.**

En lo pertinente a la controversia ante nuestra

consideración, la Sección 4.2 de la LPAU, supra, sec.

2172, regula la solicitud de revisión judicial ante el

Tribunal de Apelaciones, al establecer que:

> **Cualquier parte podrá presentar una revisión**
> **judicial ante el Tribunal de Apelaciones dentro**
> **de un término de treinta (30) días contados** a
> partir de la fecha del archivo en autos de la
> copia de la notificación de la orden o
> resolución final de la agencia o **a partir de la**
> **fecha aplicable de las dispuestas en la sec.**
> **2165 de este título cuando el término para**
> **solicitar la revisión judicial haya sido**
> **interrumpido mediante la presentación oportuna**
> **de una moción de reconsideración . . . ..**Íd.
> (énfasis suplido).

Por otro lado, nos concierne que la Sección 3.15 de

la LPAU, supra, provee para que una parte pueda

solicitar la reconsideración ante una agencia

administrativa. A esos efectos, dispone lo siguiente:

> La parte adversamente afectada por una
> resolución u orden parcial o final podrá,
> dentro del término de veinte (20) días desde la

fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente** desde que se notifique dicha denegatoria o **desde que expiren esos quince (15) días**, según sea el caso . . . . Íd. (énfasis suplido).[7]

Es decir, lo anterior deja claro que las agencias administrativas tienen el poder en virtud de la LPAU de revisar los dictámenes que éstas emitan. Según lo explica el Profesor Echevarría Vargas, de ordinario, en nuestro ordenamiento "los organismos administrativos poseen la autoridad para reconsiderar sus órdenes en cualquier momento siempre que ejerzan esa acción antes [de perder] jurisdicción sobre el caso". J. Echevarría Vargas, <u>Derecho Administrativo Puertorriqueño</u>, San Juan, 4ta ed. revisada, San Juan, Ed. Situm, 2017, pág. 281, (citando a <u>Kelly Temporary Services v. F.S.E.</u>, 142 DPR 290 (1997)). Este mecanismo provee a las agencias la oportunidad para corregir sus errores cuando lo entiende necesario, lo que contribuye a reducir la presentación de recursos de revisión judicial, "procurando [de esta forma,] alcanzar los postulados de justicia y economía,

---

[7]La Regla 29.1 del Reglamento de Procedimientos Adjudicativos del DACo (Reglamento Núm. 8034), establece un esquema equivalente al de la Sección 3.15 de la LPAU, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 LPRA sec. 2101 <u>et seq</u>.

enmarcados en la declaración de política pública de la LPAU". Fonte Elizondo v. F & R Const., supra. Asimismo, la moción de reconsideración tiene como finalidad "que la agencia tenga la oportunidad de enfrentarse a argumentos que le permitan reconsiderar [y además, pueda] agotar todos los argumentos posibles para que el tribunal reciba una decisión bien depurada". D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 3ra ed., Forum, 2013, sec. 8.10, pág. 638.

## C.

Es menester recordar que "como regla general, las Reglas de Procedimiento Civil no aplican automáticamente en procedimientos administrativos". Flores Concepción v. Taíno Motors, 168 DPR 504, 518 (2006); Otero v. Toyota, 163 DPR 716, 735 (2005) (Per curiam); Pérez v. VPH Motors Corp., 152 DPR 475, 484 (2000) (Per curiam); Berríos v. Comisión de Minería, 102 DPR 228, 229-230 (1974). Ello, pues la norma general responde a la necesidad de que los organismos administrativos funcionen sin la inflexibilidad que generalmente caracteriza a los tribunales. Flores Concepción v. Taíno Motors, supra, pág. 521; Pérez v. VPH Motors Corp., supra; JRT v. Missy Mfg. Corp., 99 DPR 805, 812, n.3 (1971) (citando a Martínez v. Tribunal Superior, 83 DPR 717 (1961)). El proceso administrativo debe ser uno de carácter ágil y sencillo que propicie el uso por

personas legas. Sin embargo, este Tribunal ha resuelto que nada impide que las Reglas de Procedimiento Civil se adopten para guiar el curso del proceso administrativo, siempre y cuando las mismas no sean incompatibles con el proceso y propicien una solución justa, rápida y económica. Flores Concepción v. Taíno Motors, supra, págs. 518-519; Florenciani v. Retiro, 162 DPR 365, 370 (2004); Pérez v. VPH Motor Corp., supra, pág. 485; Ortiz v. Adm. Sist. Retiro Emp. Gob., 147 DPR 816, 822 (1999); Industria Cortinera, Inc. v. P.R. Telephone Co., 132 DPR 654, 660 (1993); Pérez Rodríguez v. P.R. Park. Systems, Inc., 119 DPR 634, 639-640 (1987). Como ejemplo de esto, en lo relacionado a la solicitud de una moción de reconsideración en el Derecho Administrativo, hemos aplicado, consecuentemente, la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47, a procedimientos administrativos. Véanse, Florenciani v. Retiro, supra; Febles v. Romar, 159 DPR 714 (2003) (Per curiam); Ortiz v. Adm. Sist. de Retiro Emp. Gob., supra.

Ahora bien, su aplicación no procede cuando la extensión de las reglas judiciales acarrea trabas que obstaculizan la flexibilidad, agilidad y sencillez que deben tener los procedimientos administrativos. Flores Concepción v. Taíno Motors, supra, pág. 519; Florenciani v. Retiro, supra, pág. 371. Véase, también, Pérez v. VPH Motor Corp., supra, págs. 484-485.

**D.**

En lo pertinente a la controversia ante nos, la Regla 68.1 de las Reglas de Procedimiento Civil, <u>supra</u>, dispone lo siguiente:

> **En el cómputo de cualquier término concedido** por estas reglas, o por orden del tribunal o **por cualquier estatuto aplicable,** no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. **El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado** [...]. (énfasis suplido). Íd.

Por otro lado, el Artículo 388 del Código Político, <u>supra</u>, establece que:

> **El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará** excluyendo el primer día e **incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido**. Íd. (énfasis suplido).

El caso ante nuestra consideración, requiere que analicemos las precitadas disposiciones legales a la luz de las interpretaciones realizadas por este Tribunal. Veamos.

En cuanto a los trámites apelativos, en <u>Building Services Inc. v. Asoc. Condominio Borinquen Towers</u>, 147 DPR 874 (1999) (Per curiam), este Tribunal aplicó la Regla 68.1 de Procedimiento Civil, <u>supra</u>, al término de treinta días dispuesto para presentar un recurso de apelación ante el foro apelativo intermedio. Determinamos que, cuando el último día del término sea un día feriado, el término será extendido al próximo día laborable, es decir, que no sea sábado, domingo o día

feriado. De igual modo, en García Claudio v. García Guevara, 145 DPR 659 (1998) (Per curiam), este Tribunal aplicó la Regla 68.1 de las Reglas de Procedimiento Civil, supra, al término para presentar una apelación ante el foro apelativo intermedio, tras concluir que el inicio del referido término debía computarse desde el depósito de la notificación de la determinación en el correo. Ello, pues la tardanza de la notificación por correo, catorce (14) días después, redujo el término aplicable a casi la mitad. Recientemente, en Administración de Vivienda Pública v. Vega Martínez, res. el 10 de mayo de 2018, 2018 TSPR 84, concluimos que la referida Regla 68.1 de las Reglas de Procedimiento Civil, supra, es aplicable al cálculo del término de cinco días que establece el Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831, para poder recurrir al foro apelativo intermedio a apelar una acción de desahucio.

En lo relacionado al perfeccionamiento de un recurso ante el Tribunal de Apelaciones, en Coss v. Hospital Interamericano, 159 DPR 53 (2003) (Per curiam), este Tribunal aplicó la precitada regla al término que establece la Regla 14 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A y la Regla 53.1(b) de Procedimiento Civil de 1979, 32 LPRA Ap. III, R. 53.1(b), para la notificación de un escrito de apelación al foro de primera instancia dentro de cuarenta y ocho

horas después de presentarse el recurso. De esa manera, determinamos que los términos establecidos en horas comenzaban a transcurrir el próximo día hábil y que, por tratarse de un término de menos de 7 días, se excluían del correspondiente cómputo los sábados, domingos o días festivos.

Recientemente, en Hernández Jiménez v. AEE, 194 DPR 378 (2015), avalamos lo resuelto en Coss v. Hospital Interamericano, supra, y resolvimos que para el trámite de recursos de certiorari, el cómputo que provee la Regla 68.1 de las Reglas de Procedimiento Civil, supra, en conjunto con el Artículo 388 del Código Político, supra, aplican al computar los términos en horas que provee el Reglamento del Tribunal de Apelaciones. Por ello, decretamos que el término de setenta y dos horas que provee la Regla 33(A) del Reglamento del Tribunal de Apelaciones, supra, para notificar al foro de instancia "[debe computarse] como 3 días, de conformidad con el mecanismo de cómputo que provee la Regla 68.1 de Procedimiento Civil". Íd., pág. 390. De esta forma, excluimos del cómputo los sábados, domingos o días de fiesta cuando el plazo concedido es menor de siete días.

Los términos antes explicados, también, son de aplicación al procedimiento administrativo. En Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 DPR 816 (1999), este Tribunal calculó el inicio del término de treinta días para recurrir en recurso de revisión judicial, el día

después de culminar el término de noventa días que posee la agencia administrativa para resolver una moción de reconsideración que acogió según la Sección 3.15 de la LPAU, supra. Así, aplicó el término de la Regla 68.1 de Procedimiento Civil, supra, y el Artículo 388 del Código Político, supra, para determinar el inicio del término de treinta días para recurrir en revisión de una determinación administrativa ante el foro apelativo intermedio. Conforme a ello, en Fonte Elizondo v. F & R Const., 196 DPR 353, 364, n.4 (2016), resulta pertinente recordar que, calculamos el término de treinta días para recurrir en revisión judicial ante el Tribunal de Apelaciones desde la fecha del depósito de la notificación en el correo, según la Sección 4.2 de la LPAU, supra. Por lo tanto, concluimos que el término de treinta días para recurrir en revisión judicial inició el 1 de agosto de 2013 y culminó el sábado, 31 de agosto de 2013, por lo que se extendió hasta el martes, 3 de septiembre de 2013, como el próximo día laborable, ya que el lunes fue un día feriado.

En lo relacionado a un término otorgado por ley para que una parte o un funcionario del Estado realice una acción, en Coop. Seguros Múltiples v. Srio. de Hacienda, 118 DPR 115 (1986), este Tribunal aplicó la Regla 68.1 de las Reglas de Procedimiento Civil, supra, y el Art. 388 del Código Político, supra, al término que tenía el Secretario de Hacienda para notificar una

confiscación al amparo del Art. 2(a) de la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, 34 LPRA sec. 1722(a) (derogada). Este Tribunal aclaró que el "no aplicar las referidas disposiciones significaría que el funcionario que realice la confiscación tendría menos del término estatutario de diez (10) días para actuar en todo caso en que el décimo día venza sábado, domingo o día feriado". Coop. Seguros Múltiples v. Srio. de Hacienda, supra, pág. 119. Así, entendió que resultaría ilógico e irrazonable. Íd. Conforme al razonamiento presentado por este Tribunal ante la reducción de un término otorgado por ley, debemos mencionar que anteriormente, en Sosa v. Tribunal de Distrito, 70 DPR 62, 64 (1949), decidimos excluir el último día del cálculo del término para presentar un escrito de apelación, cuando sean sábados y domingos fundamentado en que los tribunales estaban cerrados los sábados, por lo que las partes estaban imposibilitadas de acudir a ese foro.

En lo que atañe al término de quince días para que una agencia pueda reconsiderar o no, debe tomarse en cuenta que sostener el razonamiento del Tribunal de Apelaciones equivaldría a menoscabar el mandato legislativo del término dispuesto[8] y a la política pública de no limitar el acceso de las partes para

---

[8]Nótese que, a diferencia de otras leyes, el legislador no excluyó en la LPAU las disposiciones del Código Político y la Regla de Procedimiento Civil que nos ocupa.

impugnar en el foro judicial una determinación administrativa. Además, conllevaría ignorar los lineamientos jurisprudenciales aquí expuestos.

Ante ese cuadro, resolvemos que si los quince días que concede la Sección 3.15 de la LPAU, *supra*, para que una agencia administrativa acoja, rechace de plano o no actúe sobre una moción de reconsideración presentada oportunamente vencen un sábado, domingo o día feriado, dicho término deberá extenderse hasta el próximo día laborable. Para ello, debemos aplicar la Regla 68.1 de las Reglas de Procedimiento Civil, *supra*, y el Artículo 388 del Código Político, *supra*, al cómputo de ese término. De ese modo, también se le brinda la totalidad del término a la agencia para que actúe respecto a la moción que se haya presentado ante ésta.

Tras exponer el marco jurídico enunciado, procedemos a resolver la controversia.

**III**

Los peticionarios plantean que el Tribunal de Apelaciones erró al desestimar el recurso presentado sin aplicar la Regla 68.1 de las Reglas de Procedimiento Civil, *supra*, y el Artículo 388 del Código Político, *supra*, al término de quince días que la Sección 3.15 de la LPAU, *supra*, otorgó a las agencias administrativas para actuar sobre una moción de reconsideración.

Por su parte, los recurridos sostienen que lo establecido en las disposiciones legales mencionadas no

es aplicable a todo tipo de términos. A su vez, arguyen que van dirigidas a los términos en que las partes de un pleito realicen algún acto, mas no a las agencias administrativas.

Según expuesto, la Regla 68.1 de las Reglas de Procedimiento Civil, supra, y el Artículo 388 del Código Político, supra, son de aplicación al cómputo de quince días establecido en la sección 3.15 de la LPAU, supra, para que una agencia actúe sobre una moción de reconsideración presentada oportunamente. Apliquemos el estado de derecho pautado a la controversia ante nos.

El **4 de octubre de 2016**, el DACo notificó una Resolución, mediante la cual dispuso de las causas de acción presentadas por los peticionarios en las querellas en contra de los recurridos. Oportunamente, el **21 de octubre de 2016**, los peticionarios presentaron una moción de reconsideración ante el DACo.

Según señalamos, la Sección 3.15 de la LPAU, supra, provee un término de quince días para que las agencias administrativas puedan actuar sobre la moción de reconsideración. Dicho término, inició el 21 de octubre de 2016, con la presentación de la moción de reconsideración. Asimismo, la Sección 3.15 de la LPAU, supra, establece que, en la eventualidad de que la agencia administrativa no actúe en el mencionado plazo, el término para solicitar la revisión judicial comenzará a transcurrir nuevamente al expirar los quince días.

En el caso de autos, el DACo no actuó dentro de los quince días de presentada la moción de reconsideración con la particularidad de que el término de quince días venció un sábado. Ante tal escenario, el foro apelativo intermedio concluyó que el término de quince días no era extensivo al próximo día laborable, por lo que venció el sábado, 5 de noviembre de 2016. Consecuentemente, entendió que el término de treinta días para presentar el recurso de revisión judicial ante el foro apelativo intermedio inició el domingo, 6 de noviembre de 2016 y culminó el lunes, 5 de diciembre de 2016. Razón por la cual, desestimó el recurso de revisión judicial de los peticionarios presentado el 7 de diciembre de 2016.

Ahora bien, como mencionamos, la determinación del Tribunal de Apelaciones implicaría, claramente, una alteración del término que posee una agencia administrativa para actuar sobre una oportuna moción de reconsideración.

Conforme a lo aquí pautado, en el caso ante nos, el término culminó el sábado, pero quedó extendido al lunes, 7 de noviembre de 2016. Así, el término para recurrir en revisión administrativa inició el martes, 8 de noviembre de 2016 y culminó el miércoles, 7 de diciembre de 2016. Por tanto, los peticionarios tenían hasta el 7 de diciembre de 2016, para recurrir en recurso de revisión judicial ante el foro apelativo intermedio. Así lo hicieron, por lo que resolvemos que

los peticionarios acudieron oportunamente al Tribunal de Apelaciones. En consecuencia, el Tribunal de Apelaciones erró al desestimar el recurso.

## IV.

Por los fundamentos antes expuestos, revocamos la Sentencia emitida por el Tribunal de Apelaciones y devolvemos el caso a ese foro para que atienda en los méritos el recurso presentado por los peticionarios.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Saldaña Egozcue, Enid P. de Saldaña, la Sociedad de Bienes Gananciales compuesta por ambos e Invesa Incorporado<br><br>     Peticionarios<br><br>          v.<br><br>Junta de Administración Central del Condominio Park Terrace, *et al.*<br><br>     Recurridos | AC-2017-0028 |

SENTENCIA

San Juan, Puerto Rico, a 14 de diciembre de 2018.

Por los fundamentos antes expuestos, se revoca la Sentencia emitida por el Tribunal de Apelaciones y se devuelve el caso a ese foro para que atienda en los méritos el recurso presentado por los peticionarios.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino. La Jueza Presidenta Oronoz Rodríguez está inhibida.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo