EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Eddie O. Moreno Lorenzo y otros<br><br>Peticionarios<br><br>v.<br><br>Departamento de la Familia<br><br>Recurrido | Certiorari<br><br>2021 TSPR 109<br><br>207 DPR ____ |

Número del Caso: AC-2020-65

Fecha: 22 de julio de 2021

Tribunal de Apelaciones:

    Panel VII

Abogado de la parte peticionaria:

    Lcdo. Humberto W. Rivera Figueroa

Materia: Derecho Administrativo - El término para acudir en apelación ante los foros administrativos en los casos en los que la notificación de la determinación se realiza mediante entrega personal comienza a computarse el día después del diligenciamiento de la notificación personal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| EDDIE O. MORENO LORENZO Y OTROS<br><br>Peticionarios<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrido | AC-2020-0065 | *Certiorari* |

**El Juez Asociado señor RIVERA GARCÍA emitió la Opinión del Tribunal.**

En San Juan, Puerto Rico, a 22 de julio de 2021.

En esta ocasión tenemos la oportunidad de aclarar cuándo comienza a computarse el término para acudir en apelación ante los foros administrativos, en los casos cuya notificación de la determinación se haya realizado mediante entrega personal. Es decir, tenemos que resolver, si el Tribunal de Apelaciones erró en confirmar una *Resolución* dictada por la Junta Adjudicativa del Departamento de la Familia (Junta Adjudicativa o recurrido) en la cual ambos foros razonaron que el recurso apelativo fue presentado fuera del término provisto de quince (15) días para su presentación. Ello, porque según determinaron la fecha en que se realizó la notificación personal contaba como el

primer día del término. Como resultado, el foro revisor administrativo desestimó con perjuicio el recurso apelativo por presentarse fuera del término jurisdiccional.

Por considerar que el foro apelativo intermedio erró en confirmar el dictamen de la Junta Adjudicativa, adelantamos que procede revocar la *Sentencia* recurrida. A continuación, exponemos los hechos que originaron el asunto ante nuestra consideración.

**I.**

El 27 de febrero de 2020, la Administración Auxiliar de Adultos y Comunidad del Programa de Servicios de Adultos del Departamento de la Familia le notificó personalmente al Sr. Eddie O. Moreno Lorenzo, Director del Hogar Refugio Edad de Oro, Inc. (señor Moreno Lorenzo o peticionario) una *Notificación al Operador sobre Resultado de Investigación de Maltrato en Establecimiento para Adultos*.[1] El documento le informó que, luego de culminada la investigación, se encontró fundamento para creer que el hogar de envejecientes incurrió en el alegado maltrato.[2] A su vez, le apercibió que "de no estar de acuerdo con la acción tomada tenía derecho

---

[1] *Notificación al Operador sobre Resultado de Investigación de Maltrato en Establecimiento para Adultos*, Apéndice III, pág. 7.
[2] Aclaramos que la notificación se limita a utilizar la expresión maltrato, carece de plasmar las razones que iniciaron la querella y los hallazgos de la investigación.

de apelar dentro de los próximos quince (15) días calendarios a partir de la fecha de la notificación".[3]

Así las cosas, el 13 de marzo de 2020 el peticionario presentó ante el foro administrativo un escrito de *Apelación*.[4] Expuso que en la notificación no se incluyó anejo alguno que sustentara la determinación de la agencia. Por lo tanto, la suspensión de licencia y remoción de los envejecientes del hogar no fue conforme al debido proceso de ley. Ante la súplica, la Junta Adjudicativa mediante *Resolución* desestimó con perjuicio el recurso, por entender que el término de quince (15) días para presentar la apelación venció el 12 de marzo de 2020.[5] Puesto que la notificación se llevó a cabo mediante entrega personal, esta concluyó que el término comenzó a contabilizarse desde el día que recibió la notificación.

Inconforme con lo pronunciado, el señor Moreno Lorenzo recurrió ante el Tribunal de Apelaciones el 17 de agosto de 2020.[6] Allí expresó que la Junta Adjudicativa erró en desestimar su causa, pues no se debió contar la fecha en la cual recibió la notificación personal. Por consiguiente, el término comenzó a computarse el día después de la correspondiente notificación, por ende, el día que presentó

---

[3] Íd.
[4] *Apelación*, Apéndice II, pág. 2.
[5] *Resolución*, Apéndice I, pág. 1.
[6] *Apelación*, Apéndice de la Petición de *certiorari*, pág.7.

su recurso ——13 de marzo de 2020—— era el último día hábil para comparecer. No conteste con el argumento del peticionario, el foro apelativo optó por confirmar el curso de acción de la Junta Adjudicativa.

Aún inconforme, el 30 de octubre de 2020, el peticionario presentó el recurso de *Apelación* ante nuestra consideración. En este, señaló la comisión del error siguiente:

> Erró el Tribunal [de] Apela[ciones] al sostener la determinación de la Junta Adjudicativa del Departamento de la Familia al desestimar con perjuicio la apelación, indicando que el término de quince días para presentar la apelación venció el 12 de marzo de 2020. [T]oda vez que, el mismo comenzó a computarse el día de la entrega de la notificación que fue el 27 de febrero de 2020, bajo el siguiente fundamento y citamos de [sic] la resolución: (Apéndice I) "En los casos cuya notificación se haga mediante entrega personal, el término comenzar[á] a contarse desde el momento de dicha notificación".[7]

En vista de lo anterior, el 29 de enero de 2021 este Tribunal emitió una *Resolución* para que la parte recurrida mostrara causa por la cual no se debía revocar el dictamen recurrido. Transcurrido el término y sin el beneficio de la comparecencia de la Junta Adjudicativa, se dio por sometido el recurso de *certiorari* mediante *Resolución* el 17 de marzo de 2021.[8]

---

[7] *Apelación*, Apéndice de la Petición de *certiorari*, pág.1.
[8] Cabe destacar que el recurso intitulado como *Apelativo* presentado ante nuestra consideración no cumplió con los requisitos de la Regla 18

Expuestos los hechos materiales para justipreciar la controversia ante nosotros, procedemos a esbozar el marco jurídico aplicable.

## II.

### A. Revisión judicial de determinaciones administrativas

La Constitución de Puerto Rico "reconoce como derecho fundamental del ser humano el derecho a la vida, a la libertad y al disfrute de la propiedad".[9] A tenor con este principio, ninguna persona será privada de su libertad o propiedad sin un debido proceso de ley.[10] En cumplimiento con esta encomienda constitucional es necesario que se satisfagan los requisitos siguientes: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el expediente.[11]

Por su parte, es conocido que los tribunales están llamados a concederles amplia deferencia a las agencias

---

del Reglamento del Tribunal Supremo de Puerto Rico, 2011 TSPR 174. Ante ello, expedimos el recurso como uno discrecional mediante *certiorari*.

[9] Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; *Domínguez Castro v. ELA*, 178 DPR 1, 146 (2010); *Marrero Caratini v. Rodríguez Rodríguez*, 138 DPR 215(1995).

[10] *Marrero Caratini v. Rodríguez Rodríguez,* supra, pág. 220.

[11] *Vázquez González v. Mun. de San Juan,* 178 DPR 636, 643 (2010)*; Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 889 (1993).

administrativas.[12] Ello, en vista de que los organismos administrativos cuentan con la experiencia y conocimiento especializado en los asuntos que les han sido encomendados.[13] Ahora bien, la norma no es absoluta ni impide a los tribunales revisar determinaciones administrativas que no estén basadas en evidencia sustancial, cuando el organismo erró en aplicar la ley o cuando la actuación de la agencia haya sido arbitraria, irrazonable o contraria a derecho.[14]

A su vez, el Art. 4.5 de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) dispone que la revisión judicial se circunscribe a analizar: (1) si el remedio concedido fue razonable; (2) si las determinaciones de hechos están sostenidas en evidencia sustancial que obre del expediente administrativo, y (3) si se sostienen las conclusiones de derecho realizadas por la agencia.[15]

**B. Cómputo de términos**

El Art. 388 del Código Político de Puerto Rico de 1902, según enmendado,[16] establece que "el tiempo en que cualquier acto prescrito por la ley debe cumplirse, **se computará**

---

[12] *Graciani Rodríguez v. Garage Isla Verde,* LLC, 202 DPR 117, 126 (2019); *Comisionado de Seguros de Puerto Rico v. Corporación para la Defensa del Poseedor de Armas de Puerto Rico*, *Inc.,* 202 DPR 842, 853 (2019).

[13] *OCS v. Universal,* 187 DPR 164, 178 (2012). Véase, *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012).

[14] *The Sembler Co. v. Mun. de Carolina,* supra, pág. 882; *Otero v. Toyota,* 163 DPR 716, 729 (2005).

[15] 3 LPRA sec. 9675.

[16] 1 LPRA sec. 72.

**excluyendo el primer día e incluyendo el último**, a menos que este sea día de fiesta, en cuyo caso será también excluido" (Énfasis suplido).[17] De esta manera, el primer día del término será el día inmediatamente **posterior a la realización del acto.**

Por otra parte, es conocido como norma general, que las Reglas de Procedimiento Civil no aplican automáticamente en los procedimientos administrativos.[18] Sin embargo, anteriormente hemos aplicado estas reglas a estos procedimientos siempre y cuando, fueran compatibles con dicho proceso y propicien una solución justa, rápida y económica.[19] No obstante, también hemos reiterado que no procede su aplicación cuando la extensión de estas reglas "acarrea trabas que obstaculizan la flexibilidad, agilidad o sencillez que debe tener el proceso administrativo".[20] De lo contrario, "[s]e derrotaría el fundamento mismo de su existencia como agencia administrativa: que lo justo impere sin las trabas procesales de los tribunales de justicia".[21]

No obstante, esta Curia reiteradamente ha resuelto que "nada impide que en casos apropiados se adopten normas de

---

[17] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta ed. rev. LexisNexis, 2017, págs. 231-232.
[18] *Saldaña Egozcue v. Junta de Administración Central del Condominio Park Terrace*, 201 DPR 615, 616 (2018); *Ortiz v. Adm. Sist. Retiro Emp. Gob.*, 147 DPR 816, 822 (1999).
[19] *Flores Concepción v. Taíno Motors*, 168 DPR 504, 521 (2006).
[20] Íd.
[21] *Martínez v. Tribunal Superior y Alemán et al., Ints.*, 83 DPR 717, 721 (1961).

las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando las mismas no sean incompatibles con el proceso y propicien una solución justa, rápida y económica".[22]

Ante ello, la Regla 68.1 de Procedimiento Civil dispone que

> [e]n el cómputo de cualquier término concedido por estas reglas, o por orden del tribunal o **por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir**. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. También podrá suspenderse o extenderse cualquier término por causa justificada cuando el Tribunal Supremo de Puerto Rico lo decrete mediante resolución. Cuando el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo. Medio día feriado se considerará como feriado en su totalidad. (Énfasis suplido).[23]

Plasmado lo antepuesto, el caso bajo nuestra consideración requiere que examinemos las precitadas disposiciones legales a tenor con las interpretaciones realizadas por este Tribunal. En Ortiz v. Adm. Sist. de

---

[22] *Saldaña Egozcue v. Junta de Administración Central del Condominio Park Terrace*, supra, págs. 623-628; *Pérez v. VPH Motors Corp.*, 152 DPR 475, 484-485(2000); *Ortiz v. Adm. Sist. Retiro Emp. Gob.*, supra, pág. 822.
[23] 32 LPRA Ap. V.

Retiro Emp. Gob.,[24] interpretamos que aplicaba la Regla 68.1 de Procedimiento Civil y el Art. 388 del Código Político, *supra*. Aquí colegimos que el inicio del término de treinta días para recurrir en revisión judicial **era el día después de culminar el término de noventa días que posee la agencia administrativa para resolver una moción de reconsideración** bajo la Sección 3.15 de la LPAU, *supra.*

Asimismo, en <u>Saldaña Egozcue v. Junta de Administración Central del Condominio Park Terrace</u>, *supra*, avalamos lo resuelto en el precitado caso, interpretando la misma normativa, en la cual determinamos que el cómputo de quince (15) días establecido en la Sección 3.15 de la LPAU, *supra,* **se extiende al próximo día laborable cuando el último día del término cae sábado, domingo o día feriado legal**. También reiteramos que la Regla 68.1 de Procedimiento Civil, *supra*, aplica a las agencias administrativas, al pautar que se debe excluir del cómputo los sábados, domingos o días de fiesta legal, cuando el plazo concedido sea menor de siete (7) días. A su vez interpretamos que, aquellos foros administrativos que establezcan términos basados en horas, **el término comenzará a contabilizarse el próximo día.**[25]

---

[24] *Ortiz v. Adm. Sist. de Retiro Emp. Gob.*, 147 DPR 816 (1999).
[25] *Saldaña Egozcue v. Junta de Administración Central del Condominio Park Terrace*, *supra*, citando a *Coss v. Hospital Interamericano*, 159 DPR 53 (2003).

Expuesto lo anterior, el Art. 10 del Reglamento para establecer los Procedimientos de Adjudicación de Controversias ante la Junta Adjudicativa del Departamento de la Familia, expone el término y método a seguir para presentar un escrito en apelación ante ese foro revisor administrativo. Respecto a ello provee que

> [e]n los casos de acciones tomadas, **la apelación tiene que radicarse dentro del término de quince (15) días contados a partir del envío de la notificación,** cuando se envíe por correo regular o, cuando se envíe por correo con acuse de recibo, o **se entregue personalmente.** En los casos en que el envío sea por correo regular, se tomará la fecha del matasello para comenzar a contar el término de quince (15) días. En aquellos cuyo envío se haga por correo con acuse de recibo, el término comenzará a contarse desde la fecha en que se deposite la notificación en el correo. **En los casos cuya notificación se haga mediante entrega personal, el término comenzará a contarse desde el momento del recibo de dicha notificación.** (Énfasis suplido).[26]

**C. Hermenéutica**

Conforme con el propósito de solucionar las controversias y adjudicar los derechos que cobijan a las partes, los tribunales tienen la ineludible labor de interpretar los estatutos aplicables a la situación de hechos en particular.[27] En consecuencia, la *hermenéutica*

---

[26] Reglamento Núm. 7757, Procedimientos de Adjudicación de Controversias ante la Junta Adjudicativa del Departamento de la Familia, 5 de octubre de 2009, Art. 10, pág.6.
[27] *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 738 (2012).

*legal* consiste en auscultar, averiguar y precisar la verdadera intención y deseo del poder legislativo.[28] El ejercicio interpretativo no se limita a los estatutos, sino también a los contratos, testamentos, reglamentos administrativos y cualquier otro tipo de documento.[29]

Es decir, cuando la interpretación de un estatuto realizada por una agencia produzca resultados que son incompatibles o contrarios al propósito para el cual se aprobó la legislación y a su política pública, el criterio administrativo no podrá prevalecer.[30] En ese sentido, la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia.[31] Por ello, los tribunales tienen que armonizar, siempre que sea posible, todos aquellos estatutos y reglamentos administrativos involucrados para la solución justa de la controversia. De modo que, se obtenga un resultado sensato, lógico y razonable.[32]

---

[28] R.E Bernier & J.A. Cuevas Segarra, *Aprobación e Interpretación de las leyes en Puerto Rico*, 2da ed. rev., San Juan, JTS, 1987, Vol. 1, pág. 241.
[29] Íd. pág. 241.
[30] *Linares v. ELA*, 190 DPR 315, 316(2014).
[31] Íd.
[32] *IFCO Recycling v. Aut. Desp. Sólidos,* supra, pág. 715.

Con el marco jurídico que antecede, procedemos a resolver la controversia.

## III.

En el recurso ante nuestra consideración, el señor Moreno Lorenzo sostiene que el Tribunal de Apelaciones erró al confirmar el dictamen de la Junta Adjudicativa. Por los fundamentos jurídicos enunciados, resolvemos que el foro apelativo incurrió en el error aducido por comenzar a computar el término para apelar el día en que se realizó la notificación personal. Veamos.

Según se desprende de la *Resolución* la agencia le notificó al señor Moreno Lorenzo sobre la acción tomada a causa de la investigación por maltrato institucional el 27 de febrero de 2020. Por su parte, tanto el Tribunal de Apelaciones como la Junta Adjudicativa dedujeron que dentro del término provisto de quince (15) días estaba comprendida la fecha de notificación, por haberse diligenciado personalmente. No obstante, avalar tal premisa violentaría las garantías procesales constitucionales de un debido proceso de ley. Precisamente esto es lo que el Art. 388 del Código Político y la Regla 68.1 de Procedimiento Civil, *supra*, intentan salvaguardar cuando expresan que no se computará el primer día en que se realice el acto para fines de la contabilización del término.

A tenor con lo anterior, el Art. 10 del precitado Reglamento expone "**[e]n los casos cuya notificación se haga mediante entrega personal, el término comenzará a contarse desde el momento del recibo de dicha notificación**". De una lectura del Art. 10 del Reglamento en conjunto con la Regla 68.1 de Procedimiento Civil y el Art. 388 del Código Político, *supra*, debemos resolver que de ninguna manera puede interpretarse que se comprende dentro del cómputo el día del diligenciamiento de la notificación personal, para comparecer ante los foros apelativos administrativos. Afirmar tal premisa, acortaría drásticamente las protecciones constitucionales para que los ciudadanos protejan o vindiquen adecuadamente sus derechos. A modo de ejemplo, representaría que una notificación personal efectuada a las 4:00 p.m. contaría como un día en su totalidad, lo que le restaría tiempo valioso a los peticionarios para preparar sus cursos de acción en defensa de sus intereses.

En vista de todo lo anterior, estamos en desacuerdo con la interpretación de la Junta Adjudicativa y del Tribunal de Apelaciones en cuanto a que el término empezó a contar en la fecha de la notificación personal. Pues esa fecha lo que puntualiza es que el próximo día será el primer día del cómputo del término provisto.

Subsiguientemente, ambos foros fallaron en interpretar el reglamento aplicable a la controversia que hoy merece nuestra consideración. En esencia, erraron en contabilizar la fecha de la notificación personal como el primer día del término. Ello está en patente contradicción con nuestro ordenamiento jurídico.

En consecuencia, el recurso de *Apelación* presentado por el señor Moreno Lorenzo el día 13 de marzo de 2020 fue el último día en derecho para que el peticionario compareciera. Esto es así por haberse realizado la notificación el 27 de febrero de 2020 de año bisiesto.

Como resultado, la apelación ante la Junta Adjudicativa del Departamento fue presentada oportunamente y dentro del término provisto para ello.

**IV.**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado y se revoca la Sentencia del Tribunal de Apelaciones que confirmó la *Resolución* emitida por la Junta Adjudicativa del Departamento de la Familia. En consecuencia, se deja sin efecto el dictamen de la Junta Adjudicativa. A tenor con lo anterior, se devuelve el recurso presentado por el peticionario ante la Junta Adjudicativa para que proceda con el trámite *Apelativo* según se dispone en este dictamen.

Se dictará sentencia de conformidad.


                                    Edgardo Rivera García

                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| EDDIE O. MORENO LORENZO Y OTROS<br><br>Peticionarios<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrido | | AC-2020-0065 |

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de julio de 2021.

Por los fundamentos antes expuestos, se revoca la Sentencia del Tribunal de Apelaciones que confirmó la *Resolución* emitida por la Junta Adjudicativa del Departamento de la Familia. En consecuencia, se deja sin efecto el dictamen de la Junta Adjudicativa. A tenor con lo anterior, se devuelve el recurso presentado por el peticionario ante la Junta Adjudicativa para que proceda con el trámite *Apelativo* según se dispone en esta *Opinión*.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez concurren sin opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo