En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| AIXA M. ORTIZ OCASIO<br>    Peticionaria<br><br>    V.<br><br>ADMINISTRACION DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA<br><br>    Recurrida | Certiiorari<br><br>99TSPR29 |

Número del Caso: CC-97-147

Abogados de la Parte Peticionaria: Lic. Nilda E. Díaz Olazagasti
Lic. Samuel Pagán Pagán
Lic. María del Carmen Pagán

Abogados de la Parte Recurrida: Hon. Carlos Lugo Fiol
Procurador General

Lic. Sylvia Roger Stefani
Procuradora General Auxiliar

Abogados de la Parte Interventora:

Tribunal de Instancia: JUNTA DE SINDICOS DE LA ADMINISTRACION DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones: San Juan – PANEL IV

Juez Ponente: Hon. López Vilanova

Panel integrado por: Pres. la Juez López Vilanova, el Juez Cordero y la Juez Feliciano de Bonilla

Fecha: 3/19/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

**Aixa M. Ortíz Ocasio**

        Demandante-recurrente

        v.                                    CC-97-147            CERTIORARI

**Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura**

        Demandada-recurrida

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan Puerto Rico a 19 de marzo de 1999

La recurrente, Aixa M. Ortiz Ocasio, solicita la revisión de una sentencia dictada por el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, mediante la cual se desestimó, por falta de jurisdicción, un recurso de revisión administrativo, radicado ante dicho foro apelativo intermedio en revisión de una resolución de la Junta de Síndicos de la Administración de los Empleados del Gobierno y la Judicatura (en adelante, "Junta").

Por entender que erró dicho foro apelativo al concluir que la moción de reconsideración interpuesta por la recurrente, ante la referida agencia, no interrumpió el término que tenía para

recurrir en revisión judicial y que, en consecuencia, ésta no recurrió en tiempo, <u>revocamos</u> la sentencia recurrida.


I

El 30 de julio de 1996, la Junta emitió decisión confirmando una determinación de la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (en adelante, "Administración") denegando a la recurrente unos beneficios sobre incapacidad ocupacional e incapacidad no ocupacional. Dicha resolución fue <u>notificada</u> con fecha de 30 de agosto de 1996. El 19 de septiembre de 1996, la Sra. Ortiz presentó una moción de reconsideración ante la Junta. El 20 de septiembre de 1996, dicho organismo administrativo emitió la siguiente Orden:

> "Vista la Moción de Reconsideración presentada por la parte apelante, se conceden diez (10) días a la parte apelada para expresar su posición."

El 9 de diciembre de 1996, ochenta días después de que la Junta emitiera la citada Orden, la parte recurrente radicó una moción solicitando que el foro administrativo emitiera una resolución en los méritos dado que la parte adversa no había presentado su posición en relación con la reconsideración.[1] En vista de que la Junta hizo caso omiso a sus mociones, el 16 de enero de 1997, la Sra. Ortiz instó ante el Tribunal de Circuito de Apelaciones una solicitud de revisión judicial con el objetivo de revisar la resolución de la Junta, fechada 30 de julio de 1996, y de la posterior moción de reconsideración. A tenor con la Regla 83 de su Reglamento, 4 L.P.R.A. Ap. XXII-A, R. 83, el foro apelativo desestimó el recurso de revisión administrativa porque, a su juicio, la misma se presentó tardíamente, careciendo, en consecuencia, de jurisdicción para entender en el mismo.

---

1 Según se desprende del expediente, la Administración nunca presentó su posición con respecto a la moción de reconsideración.

Inconforme, la Sra. Ortiz interpuso el presente recurso de certiorari ante este Tribunal señalando que erró el Tribunal de Circuito de Apelaciones al desestimar el recurso de revisión judicial por falta de jurisdicción a base de la creencia errónea de que la Junta ni acogió ni consideró la moción de reconsideración dentro del término dispuesto por ley.

Le concedimos término a la Administración para que mostrara causa por la cual este Tribunal no debía expedir el auto y revocar la sentencia recurrida. Ambas partes han comparecido. Estando en posición de resolver, procedemos a así hacerlo.

II

La Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme[2] reza de la siguiente manera:

> "La parte adversamente afectada por una resolución u orden parcial o final podrá, <u>dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden</u>, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. <u>Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días</u> salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales." (Énfasis suplido.)

[2] Ley Núm. 170 de 12 de agosto de 1988, según enmendada por el Artículo 4 de la Ley Núm. 247 de 25 de diciembre de 1995, la cual entró en vigor el 1 de mayo de 1996, 3 L.P.R.A. sec. 2165; en adelante, la L.P.A.U..

De conformidad con la citada Sección 3.15 de la L.P.A.U., la moción de reconsideración presentada por la parte recurrente el 19 de septiembre de 1996 fue radicada en tiempo, <u>ya que se radicó dentro de los veinte días siguientes a la fecha de archivo en autos de la notificación de la resolución de la Junta</u>, esto es, a partir del 30 de agosto de 1996.

En el caso de autos, la agencia administrativa consideró y actuó sobre la referida moción de reconsideración dentro de los quince días de ésta haberse presentado. Constancia de esto resulta ser la orden que emitió la Junta, <u>al día siguiente de haberse solicitado la reconsideración</u>, en la cual concedió un término al Administrador para que expresara su posición en cuanto a la misma.[3]

En <u>Rodríguez Rivera</u> v. <u>Autoridad de Carreteras</u>, 110 D.P.R. 184 (1980), al interpretar la frase "tomar alguna determinación al considerar la moción", <u>en el contexto de la moción de reconsideración provista por nuestras Reglas de Procedimiento Civil</u>, este Tribunal sostuvo que:

> "Procede, pues, definir qué contempla el acto judicial de tomar 'alguna determinación al considerar la moción'. Es evidente, por disponerlo así la propia regla, [Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47], que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue rechazada de plano. Ahora bien, si señala una vista para oír a las partes, <u>o se dirige a la parte adversa para que exponga su posición por escrito</u>, o fundamenta su resolución declarando sin lugar la moción, <u>se tendrá por interrumpido el término para apelar o solicitar revisión</u>. Sin que pretendamos agotar la lista, éstas son propiamente actuaciones o determinaciones demostrativas de que el tribunal ha acogido la moción de reconsideración." <u>Rodríguez Rivera</u> v. <u>Autoridad de Carreteras</u>, <u>ante</u>, pág. 187. (Enfasis suplido.)

Al interpretar la ley orgánica del Departamento de Asuntos del Consumidor[4], este Tribunal adoptó en <u>Pérez Rodríguez</u> v. <u>P.R. Parking Systems, Inc.</u>, 119 D.P.R. 634 (1987), la norma promulgada en

---

[3] En este punto, es menester señalar que copia de la referida Orden formó parte del apéndice del recurso de revisión judicial; sin embargo, el Tribunal de Circuito de Apelaciones no hizo mención ni referencia a la misma en la resolución recurrida.

relación con la citada Regla 47 de Procedimiento Civil establecida en <u>Rodríguez Rivera</u>, <u>ante</u>. En ese sentido, pautamos que:

> "...[el Departamento de Asuntos del Consumidor] debe tener, al igual que los tribunales, la facultad de considerar (*entertain*) las mociones de reconsideración que a su juicio sean meritorias y de esta forma constar con más tiempo para resolver las mismas. En otras palabras, debe aplicarse a esta situación por analogía el principio contenido en la Regla 47 de Procedimiento Civil de 1979 a los efectos de que si 'se tomare *alguna determinación* en su consideración, el término... empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución...'." <u>Pérez Rodríguez</u> v. <u>P.R. Parking Systems, Inc.</u>, <u>ante</u>, pág. 639. (Enfasis en el original).

Nuestros pronunciamientos en <u>Pérez Rodríguez</u>, <u>ante</u>, no son obligatorias para el caso de autos ya que en aquél se interpretó la ley habilitadora de una organismo administrativo en particular y en el presente se interpreta una disposición de la L.P.A.U., estatuto que no existía al momento de resolverse el referido caso. Sin embargo, <u>no</u> existe, a nuestro juicio, razón alguna por la cual no debamos aplicar la referida norma en el caso de la antes citada Sección 3.15 de la L.P.A.U.. Sabido es que "...nada impide que en casos apropiados se adopten normas de las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando las mismas no sean incompatibles con dicho proceso y propicien una solución justa, rápida y económica". <u>Ind. Cortinera Inc.</u> v. <u>P.R.T.C.</u>, 132 D.P.R. 654, 660 (1993); <u>Pérez Rodríguez</u> v. <u>P.R. Parking Systems, Inc.</u>, <u>ante</u>, págs. 639-640.

En el caso de autos, tomando <u>por analogía</u> lo expresado en <u>Rodríguez Rivera</u>, <u>ante</u>, y, luego, en <u>Pérez Rodríguez</u>, <u>ante</u>, procede concluir que la Junta "consideró" o "tomó alguna determinación" sobre la moción de reconsideración al ordenar a la parte adversa, la Administración, exponer su posición en relación con la misma.

---

[4] Ley Núm. 5 de 23 de abril de 1973.

No obstante haber acogido la referida moción, la Junta no actuó respecto a ésta dentro de los noventa días de haber sido radicada; razón por la cual perdió jurisdicción sobre la misma y el término para solicitar la revisión judicial ante el Tribunal de Circuito de Apelaciones comenzó a contar desde la expiración de dicho plazo de noventa días.[5] En otras palabras, habiéndose presentado la moción de reconsideración el 19 de septiembre de 1996, los noventa días expiraban el 18 de diciembre de 1996.

Por consiguiente, el término de treinta días para recurrir en alzada comenzó a decursar el 19 de diciembre de 1996 y vencía el 17 de enero de 1997.[6] Debido a que la petición de revisión judicial se interpuso el 16 de enero de 1997, resulta forzoso concluir que la misma fue radicada dentro del término requerido. En consecuencia, el Tribunal de Circuito de Apelaciones efectivamente tenía jurisdicción para resolver el recurso.

Por las razones anteriormente expuestas, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Circuito de

---

[5] Salvo que la agencia, por justa causa y dentro de esos noventa días, hubiese prorrogado el término. No existe, sin embargo, evidencia en el expediente del caso de que se prorrogara dicho término.

[6] La Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 68.1, dispone que:

> "En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día de legalmente feriado. ..."

En iguales términos se expresó el legislador al promulgar el Artículo 388 del Código Político, 1 L.P.R.A. sec. 72, el cual señala que: "[e]l tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido".

Apelaciones para la continuación de procedimientos consistentes con lo aquí resuelto.[7]

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

[7] La Administración, en su comparecencia por medio del Procurador General, coincide con la peticionaria en que erró el foro recurrido al declararse sin jurisdicción.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

**Aixa M. Ortíz Ocasio**

    **Demandante-recurrente**

       **v.**             **CC-97-147**     **CERTIORARI**

**Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura**

    **Demandada-recurrida**

**SENTENCIA**

       San Juan Puerto Rico a 19 de marzo de 1999

       Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones; devolviéndose el caso a dicho Foro para la continuación de procedimientos consistentes con lo aquí resuelto.

       Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

               **Isabel Llompart Zeno**
               **Secretaria del Tribunal Supremo**