ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| LINKACTIV, LLC<br><br>PETICIONARIA<br><br>V.<br><br>DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO<br><br>RECURRIDA | KLRA202300229 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de la Vivienda de Puerto Rico<br><br>Caso Núm.: CDBG-DRMIT-RFP-2022-06 (RFP-2022-06)<br><br>Sobre:<br><br>IMPUGNACIÓN DE SUBASTA |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Brignoni Mártir, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

I

El Departamento de la Vivienda publicó un requerimiento de propuesta identificado como CDBG-DRMIT-RFP-2022-06 para adquirir servicios relacionados a la operación de un centro de llamadas. Luego de evaluar las propuestas sometidas emitió un *Notice of Award* el 31 de enero de 2023. En este informó la adjudicación de la propuesta a Telecontact, Inc. (Telecontacto).

El 9 de febrero de 2023, LinkActiv, LLC (Linkactiv o recurrente), compañía que participó del requerimiento de propuestas, presentó una moción de reconsideración ante la Junta Revisora de Subastas del Departamento de la Vivienda (Junta Revisora). El 13 de febrero de 2023, la Junta Revisora emitió una *Orden* mediante la cual acogió la solicitud de reconsideración y ordenó a Vivienda a presentar por escrito su posición al respecto en o antes del 31 de marzo de 2023.[1] Dispuso a su vez que en una fecha posterior notificaría el señalamiento de vista. El 31 de marzo

---

[1] La *Orden* fue emitida por el Lcdo. Godohaldo Pérez Torres, Presidente de la Junta Revisora.

de 2023, Vivienda presentó una moción solicitando la desestimación de la reconsideración.

El 19 de mayo de 2023, Linkactiv presentó un recurso de *Revisión Judicial* ante este Tribunal solicitando que revoquemos la adjudicación de la propuesta a Telecontacto. Acompañó el mismo con una *Moción en auxilio de jurisdicción y otros extremos* en la cual solicitó que paralizáramos el proceso. Vivienda, por su parte, presentó una *Solicitud de desestimación por falta de jurisdicción y oposición a moción en auxilio de jurisdicción y otros extremos.* En esencia, se opuso a la paralización solicitada y planteó que el recurso se presentó tardíamente por lo que debía ser desestimado. Según argumentó la *Orden* emitida por la Junta de Revisora el 13 de marzo de 2023 no surtió efecto alguno, toda vez que al no acogerse la reconsideración de Linkactiv dentro del término de diez (10) días establecido por la Ley de Procedimiento Administrativo Uniforme, *infra,* esta se rechazó de plano. Mediante *Resolución* del 25 de mayo de 2023, denegamos la solicitud de paralización.

Posteriormente, Linkactiv se opuso a la desestimación alegando que presentó el recurso oportunamente, pues según lo resuelto en *Flores Concepción v. Taíno Motors*, infra*,* la Junta de Subastas tenía jurisdicción para acoger la reconsideración aun después de transcurrido el término dispuesto para ello. En atención a ello, emitimos una *Resolución* el 6 de junio de 2023, declarando *No Ha Lugar* la solicitud de desestimación del recurso.

En desacuerdo, Vivienda sometió una *Solicitud de Reconsideración de Resolución emitida el 6 de junio de 2023…* En ésta sostuvo que la norma establecida por el Tribunal Supremo en *Flores Concepción v. Taíno Motors*, infra, no es aplicable a la presente controversia por tratarse de un procedimiento informal de subasta y no un procedimiento administrativo formal. Alegó, entre otros extremos, que aun reconociendo que la *Orden* emitida por la Junta Revisora el 13 de marzo de 2023 tenía la intención de extender el término establecido para emitir la resolución en

reconsideración, el recurso se presentó tardíamente por lo que debe ser desestimado.

Habiendo examinado detenidamente los argumentos presentados por las partes, entendemos que Vivienda tiene razón en cuanto a la presentación tardía del recurso. Por tanto, reconsideramos nuestra determinación del 6 de junio de 2023 y desestimamos el recurso por falta de jurisdicción. Veamos.

II

A

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. Es por ello que, la falta de jurisdicción incide directamente sobre el poder mismo del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020). La ausencia de jurisdicción trae consigo las consecuencias siguientes: 1) no es susceptible de ser subsanada; 2) las partes no pueden conferirla voluntariamente a un tribunal, como tampoco este puede abrogársela; 3) conlleva la nulidad de los dictámenes emitidos; 4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; 5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y 6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Management Group, Inc. v. Oriental Bank,* supra; *SLG Solá-Morena v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

Los tribunales debemos ser árbitros y celosos guardianes de nuestra jurisdicción, por lo que los asuntos concernientes a la jurisdicción son privilegiados y deben ser atendidos de forma preferente. *Peerless Oil v. Hermanos Pérez*, supra*; González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). El asunto jurisdiccional es de tal importancia que el tribunal que no tiene la autoridad para atender un recurso solo tiene jurisdicción para así declararlo y desestimar el caso. *Carattini v. Collazo*

*Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003). De conformidad con lo anterior, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece que, a solicitud de parte o *motu proprio,* este foro puede desestimar un recurso por carecer de jurisdicción.

Una de las instancias que priva de jurisdicción a este foro apelativo es la presentación de un recurso tardío. Un recurso es tardío cuando se presenta luego de haber transcurrido el término dispuesto para ello. *Yumac Home v. Empresas Masso,* 194 DPR 96, 107 (2015). Un recurso presentado tardíamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre toda vez que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

B

El requerimiento de propuestas o RFP (por sus siglas en inglés) al igual que la subasta tradicional son vehículos procesales utilizados por el gobierno estatal y los municipios para adquirir bienes y servicios. *Puerto Rico Eco Park v. Municipio de Yauco (Junta de Subastas)*, 202 DPR 525, 531 (2019); *R&B Power v. E.L.A.*, 170 DPR 606, 621 (2007). Aunque son procedimientos adjudicativos informales, la Sec. 3.19 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, establece el proceso y el término para solicitar reconsideración de la adjudicación de subastas o propuestas al disponer, en lo pertinente, lo siguiente:

> […]
> La parte adversamente afectada por una decisión podrá presentar una moción de reconsideración ante la Administración de Servicios Generales o ante la entidad gubernamental correspondiente, según sea el caso, dentro del término de diez (10) días desde la fecha de la notificación de la adjudicación de la subasta o propuesta. La Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, deberá considerar la moción de reconsideración dentro de los diez (10) días laborales de haberse presentado. Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archive en autos, copia de la notificación de la decisión de la Administración de Servicios

Generales o la entidad gubernamental correspondiente, según sea el caso, resolviendo la moción de reconsideración. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda.

Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial. Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, acoge la solicitud de reconsideración dentro del término provisto para ello, deberá emitir la resolución en reconsideración dentro de los treinta (30) días siguientes a la radicación de la moción de reconsideración. Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, acoge la moción de reconsideración, pero dejase de tomar alguna acción con relación a la moción dentro de los treinta (30) días de esta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de treinta (30) días. La Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, podrá extender dicho término una sola vez, antes de que este culmine, por un término adicional de quince (15) días. 3 LPRA sec. 9659.

La precitada sección fue enmendada mediante la Ley Núm. 110-2022, para establecer, entre otras cosas, un término de diez (10) días para que la entidad gubernamental correspondiente, así como la Junta Revisora de Servicios Generales, resuelvan las mociones de reconsideración concernientes a adjudicaciones de subasta o propuestas, y para aclarar cuándo comienza a correr el término para que la parte adversamente perjudicada eleve su recurso de revisión judicial. Preámbulo, Ley Núm.110-2022. Con esta enmienda la Asamblea Legislativa pretende dejar claro que una vez la Junta Revisora o la entidad gubernamental correspondiente acoja una reconsideración, tendrá un término específico para resolverla en los méritos. Así, la persona que impugne la adjudicación podrá tener certeza de cuando puede acudir al foro judicial para que se atienda su reclamo. Exposición de Motivos, Ley Núm.110-2022.

Por otra parte, en *Flores Concepción v. Taíno Motors,* 168 DPR 504 (2006), el Tribunal Supremo resolvió que una agencia administrativa tiene jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido para ello en la Sec. 3.15 de la LPAU, siempre y cuando no haya transcurrido el término para acudir en revisión ante el Tribunal de Apelaciones y no se haya presentado un recurso de revisión en este foro.

Finalmente, la Sec. 4.2 de la LPAU, *supra,* establece que una parte adversamente afectada por una orden o resolución final de una agencia o de una Junta Revisora de Subastas podrá presentar una solicitud de revisión ante este Tribunal de Apelaciones dentro de un término de veinte (20) días, contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, o de la Junta Revisora de Subastas, o dentro del término aplicable de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sec. 3.19 de esta Ley. 3 LPRA sec. 9672. (Énfasis nuestro).

C

El Departamento de Vivienda adoptó el Manual de Adquisiciones para el Programa CDBG-DR, Reglamento Núm. 9205 de 4 de agosto de 2020 (Reglamento 9205) de conformidad con la autoridad conferida por la Ley Orgánica del Departamento de la Vivienda, Ley Núm.97-1972 y conforme a la LPAU. El objetivo del reglamento es establecer estándares y directrices para la adquisición de suministros, equipo, construcción, y otros servicios profesiones para el Programa de Subvención en Bloque para el Desarrollo Comunitario para Recuperación ante Desastres (Programa CDBG-DR). Art. I, Sección 1.4, Reglamento 9205. A tales efectos, aplica a todo trámite de adquisición realizado bajo el Programa y a actividades financiadas en todo o en parte con fondos CDBG-DR. Art. I, Sección 1.5, Reglamento 9205.

La Sección 15.1, del Artículo XV del Reglamento 9205 regula los remedios administrativos y apelativos disponibles para impugnar cualquier

adjudicación de Vivienda efectuada bajo las disposiciones del reglamento.

Al respecto dispone lo siguiente:

> … Cualquier persona, parte o entidad que se considere afectada adversamente por una decisión de la Junta de Subasta de Vivienda, efectuada bajo las disposiciones de este Manual, podrá presentar una Solicitud de Reconsideración con la Junta Revisora de Subastas de Vivienda dentro de veinte (20) días calendario desde la echa en que una copia del Aviso de Adjudicación o Resolución se presentó en el récord de la agencia, conforme a la Sección 3.19 de LPAU, 3 LPRA sec. 9659. …
> La Junta Revisora de Subastas de Vivienda o la entidad contratante considerará la moción dentro de treinta (30) días calendarios de la presentación. La Junta de Revisora de Subastas podrá extender el término una vez, por un término adicional de quince (15) días calendarios. Si la Junta Revisora de Subastas toma una determinación tras su consideración, el término para solicitar revisión judicial comenzará a transcurrir desde la fecha de envío por correo del aviso de la Junta Revisora de Subastas decidiendo la moción en el récord del caso. Si la Junta Revisora de Subastas no actuara sobre la solicitud de reconsideración dentro de treinta (30) días calendarios después de la presentación de la misma, se entenderá que la misma fue denegada de plano y el término para revisión judicial comenzará a transcurrir desde dicha fecha.
>
> Una petición de Revisión Judicial puede presentarse ante el Tribunal de Apelaciones de Puerto Rico dentro de veinte (20) días calendario luego de que la copia del aviso haya sido archivada por la junta revisora de Subastas o dentro de veinte (20) días calendario después que la Junta Revisora de Subastas denegó de plano la solicitud de reconsideración. …
>
> La mera presentación de una Moción de Reconsideración no tendrá el efecto de detener la adjudicación impugnada. **La Junta Revisora de Subastas podrá o no considerar la Moción de Reconsideración. Los términos en relación a esta acción o falta de acción, asi como de su Revisión Judicial, si alguna serán aquellos establecidos en la LPAU.** (3 LPRA sec. 9603, et seq.). (Énfasis nuestro).

Es de notar que  la precitada sección del Reglamento 9205 no ha atemperado las enmiendas introducidas a la Sec. 3.19 de la LPAU mediante la Ley 110-2022. No obstante, dispone expresamente que el término con el que cuenta la Junta Revisora de Subastas de Vivienda para atender la solicitud de reconsideración se rige por lo establecido en la LPAU.

III

Según surge de la Sec. 3.19 de la LPAU la Junta Revisora debía considerar la moción de reconsideración de Linkactiv dentro de los diez

(10) días laborables de haberse presentado. Si dejaba de "tomar alguna acción con relación a la moción de reconsideración" en dicho término, se entendería que esta fue rechazada de plano, y a partir de esa fecha comenzaría a correr el termino para la revisión judicial. Si acogía la reconsideración en el término de diez (10) días provisto, debía emitir la resolución en reconsideración dentro de los treinta (30) días siguientes a la radicación de la reconsideración.

En este caso Linkactiv presentó oportunamente una moción de reconsideración el 9 de febrero de 2023. De conformidad con la Sec. 3.19 de la LPAU la Junta Revisora tenía 10 días laborables para considerarla, esto es, hasta el **24 de febrero de 2023**, pero no lo hizo. Por tanto, en virtud del estatuto, la reconsideración se entendía rechazada de plano y a partir de esa fecha comenzaba a correr el término de veinte (20) días para recurrir en revisión judicial. Linkactiv tenía hasta el **16 de marzo de 2023**, para presentar su recurso de revisión judicial ante nos. Habiéndolo presentado el 19 de mayo de 2023, lo hizo tardíamente.

Ahora bien, considerando que ante la *Orden* emitida el 13 de marzo de 2023 por la Junta Revisora acogiendo la reconsideración, Linkactiv pudo haber aplicado por analogía lo resuelto en *Flores Concepción v. Taino Motor*, supra, evaluamos también el siguiente escenario. Por disposición expresa de la Sec. 3.19 de la LPAU, si la Junta Revisora acoge la moción de reconsideración, pero deja de tomar alguna acción dentro de los treinta (30) días de esta haber sido radicada, pierde jurisdicción y el término para solicitar la revisión judicial empezaría a contarse a partir de la expiración de dicho término. La Junta solo está autorizada a extender dicho término por un termino adicional de quince (15) días.

Presentada la reconsideración el 9 de febrero de 2023, el término de 30 días que tenía la Junta Revisora para atenderla expiraba el **13 de marzo de 2023**. Es decir, la misma fecha en que la Junta Revisora acogió la reconsideración y actuó sobre ella, pues ordenó a Vivienda a presentar su

posición. Véase *Ortiz v. Adm. Sist. De Retiro Emp. Gob.*, 147 DPR 816 (1999).[2]

Por virtud de la Sec. 3.19 de la LPAU, la Junta Revisora solo podía extender el término para atender la reconsideración por un término adicional de quince días, esto es, hasta el **28 de marzo de 2023**. La Junta Revisora no tenía autoridad para extender el término por más tiempo. En atención a lo anterior, el término jurisdiccional de 20 días para recurrir en revisión judicial ante este Tribunal comenzó a decursar expirada la extensión de quince días. Por tanto, Linkactiv tenía hasta el **17 de abril de 2023** para presentar su recurso de revisión judicial.

Linkactiv presentó su recurso el 19 de mayo de 2023. Según intimó recurrió en tiempo pues el término de 30 días desde que Vivienda presentó su oposición a la reconsideración expiró el 30 de abril de 2023, por lo que, contaba con un término de 20 días a partir de esa fecha, para recurrir ante nos. No obstante, su interpretación no guarda relación alguna con lo dispuesto en la Ley. Cuando se presenta una reconsideración de una adjudicación de subasta, el término para recurrir en revisión judicial no comienza a decursar a partir de la comparecencia de la parte adversa, sino a partir de que expire el término con el que cuenta la Junta de Subastas para emitir la resolución en reconsideración. Se trata de un término de treinta (30) días, siguientes a la radicación de la moción de reconsideración, que solo puede ser extendido por quince (15) días adicionales.

En atención a lo anterior es forzoso concluir que el recurso se sometió tardíamente por lo que no tenemos jurisdicción para atenderlo.[3]

---

[2] El Tribunal Supremo resolvió que "tomar alguna determinación" sobre la moción de reconsideración equivale a que una agencia administrativa ordene a la parte contraria a exponer su posición respecto a ésta. *Ortiz v. Adm. Sist. De Retiro Emp. Gob.*, 147 DPR 816 (1999).

[3] Apercibimos a la Junta Revisora de Subastas de Vivienda que su inobservancia de los términos dispuestos en la LPAU provoca incertidumbre en las partes en torno a cuándo comienza a transcurrir el término de recurrir en revisión judicial afectando así su derecho a ello.

IV

Por los fundamentos antes expuestos desestimamos el recurso instado por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones