Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JORGE REYES TSINKELIS<br><br>Recurrente<br><br>V.<br><br>GARAJE ISLA VERDE, LLC, MERCEDES BENZ FINANCIAL SERVICES USA LLC. MAPFRE PRAICO INSURANCE, CO.<br><br>Recurridos | KLRA202500089 | *Revisión de Decisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: SAN-2019-0006079<br><br>Sobre: Compra Venta de Vehículos de Motor |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2025.

El día10 de febrero de 2025 compareció ante este foro revisor el señor Jorge Reyes Tsinkelis (en adelante, señor Reyes Tsinkelis o parte recurrente) mediante *Recurso de Revisión*, en el que nos solicita la revisión de la *Resolución* emitida el 20 de septiembre de 2024 y notificada el día 23 del mismo mes y año, por el Departamento de Asuntos al Consumidor (en adelante, el DACo). Mediante su dictamen, el ente administrativo declaró No Ha Lugar, la *Querella* interpuesta por la parte recurrente y consecuentemente, ordenó el cierre y archivo de la misma.

En atención al aludido recurso, el 21 de febrero de 2025 emitimos *Resolución* mediante la cual le ordenamos a la parte recurrente que acreditara en o antes del miércoles 26 de febrero de 2025, haber notificado copia del presente recurso a las partes y a la agencia recurrida, según lo dispone la Regla 58 (B) de nuestro

Número Identificador

SEN2025 _____

Reglamento[1].    Le apercibimos que, el incumplimiento con lo ordenado, daría lugar a la desestimación del recurso.

De otra parte, en esa misma *Resolución*, en cuanto a la *Moción en Solicitud de Término para Someter Transcripción de Prueba Oral y Alegato Suplementario* incoada por la parte recurrente el 10 de febrero de 2025, le concedimos a esta, el término de treinta (30) días contado a partir de la entrega de la regrabación de los procedimientos para presentar la transcripción de la prueba ante este Tribunal y tendrá treinta (30) días, a partir de la presentación de la transcripción, para presentar su alegato suplementario en el cual, debería hacer referencia específica a las porciones de la transcripción de la prueba oral que sean relevantes a sus señalamientos de error.

A su vez, le concedimos a la parte recurrida, el término de veinte (20) días para presentar sus objeciones a la transcripción de la prueba oral contado desde que ésta sea presentada ante este Tribunal.   Apercibimos a la parte recurrida que transcurrido el referido término sin que se hubiese objetado la transcripción, acogeríamos la misma como estipulada por las partes.

Asimismo, le concedimos a la parte recurrida treinta (30) días, a contarse desde que se acogiera la transcripción presentada o desde la presentación del alegato suplementario de la parte recurrente, para presentar su alegato en oposición al recurso.  En el mismo, debía hacer referencia a las porciones de la transcripción de la prueba oral que sean relevantes a su contención.  Dispusimos que, de no presentarse la transcripción ordenada, el término dispuesto para presentar el alegato en oposición se contaría a partir del día en que se debió haber presentado la misma.  Advertimos que,

---

[1] 4 LPRA Ap. XXII-B, R. 58(B).

de no comparecer en dicho término, el caso se entenderá perfeccionado para su adjudicación final.

De otra parte, le ordenamos al Departamento de Asuntos del Consumidor que sometiera copia certificada del expediente de referencia SAN-2019-0006079.

El 26 de febrero de 2025 compareció ante este foro apelativo la parte querellante mediante *Moción en Cumplimiento de Orden*, en la cual nos acreditó haber notificado el recurso a la parte recurrida.

En igual fecha, compareció el DACo mediante *Moción en Cumplimiento de Orden* y nos sometió copia certificada del expediente administrativo relacionado a la Querella SAN-2019-0006079, objeto del recurso ante nuestra consideración.

Adelantamos que, se *desestima* el recurso por falta de jurisdicción para entender en el mismo.

**I**

**A**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado.

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267-268 (2018).

Así, nuestra Máxima Curia ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben

atenderse de manera preferente. Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. (Citas omitidas). *Ruiz Camilo v. Trafon Group*, Inc., supra, pág. 268.

Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, ya que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo. (Citas omitidas). *Ruiz Camilo v. Trafon Group*, Inc., supra, pág. 269.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[2], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[2] 4 LPRA Ap. XXII-B, R. 83.

**B**

El Tribunal Supremo de Puerto Rico ha sostenido que, "el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico". Para cumplir con ese principio, el artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[3] (Citas omitidas). *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

En su Sección 4.2, la Ley Núm. 38 de 30 de junio de 2017, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (Ley de Procedimiento Administrativo) "instituye un término de treinta días para solicitar la revisión judicial de **una decisión o resolución final** de una agencia administrativa. Este término es de carácter jurisdiccional. Específicamente, la regla provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución o desde la fecha en que se interrumpa ese término mediante la *oportuna* presentación de una moción de reconsideración según dispone la Sección 3.15" de la Ley de Procedimiento Administrativo.[4] (Énfasis nuestro). (Citas omitidas). *Id*, pág. 847.

La Sección 3.15 de la Ley de Procedimiento Administrativo,[5] "dispone los términos para presentar una reconsideración de la resolución u orden parcial o final emitida por la agencia y el término para solicitar la revisión judicial". *Ortiz v. Adm. Sist. De Retiro Emp. Gob.*, 147 DPR 816 (1999). Específicamente, la referida sección lee como sigue:

---

[3] Ley Núm. 201-2003 (4 LPRA sec. 24y(c)).
[4] 3 LPRA sec. 9672.
[5] 3 LPRA sec. 9655.

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. **Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración.** Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. (*Énfasis nuestro.*)

[. . .]

De otra parte, la Regla 57 del Reglamento de este Tribunal[6] dispone en cuanto al término para presentar un recurso de revisión ante este foro apelativo, lo siguiente:

**Regla 57. Término para presentar el recurso de revisión**

El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados **a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia.** Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación el término se calculará a partir de la fecha del depósito en el correo. (Énfasis nuestro).

Cabe señalar que, la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las

---

[6] 4 LPRA Ap. XXII-B, R. 57.

reglas de los tribunales apelativos impide la revisión judicial. Véase *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 659 (1987). En ese sentido, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

Tomando en cuenta el derecho expuesto, procedemos a resolver.

**III**

Como mencionáramos, la competencia de este Tribunal mediante un recurso de revisión judicial se limita a la revisión de ***decisiones, órdenes y resoluciones finales*** de organismos o agencias administrativas. En este caso, no tenemos ninguna resolución final que revisar.

En el caso que nos ocupa, al examinar ponderadamente el expediente administrativo que nos ha sido presentado, vemos que la *Resolución* recurrida fue emitida por el DACo, el 20 de septiembre de 2024 y notificada el día 23 del mismo mes y año.

El día 15 de octubre de 2024, la parte recurrente presentó ante la agencia recurrida una oportuna *Moción en Solicitud de Reconsideración*.[7]

El día 16 de octubre de 2024, notificada al día siguiente, el DACo, emitió la siguiente *Orden*:

> Vista la *Moción en Solicitud de Reconsideración* presentada por la parte querellante se ordena a las querelladas a expresarse en torno a la misma en el **término de 10 días**.
>
> Si transcurren más de noventa (90) días a partir de la fecha en que la parte recurrente radicó su moción de reconsideración sin que se haya emitido una decisión en reconsideración, el Departamento perderá jurisdicción sobre este caso y dicha parte tendrá entonces treinta (30) días para acudir al tribunal de Apelaciones en revisión judicial.

---

[7] El término de veinte (20) días para presentar la moción de reconsideración vencía el 14 de octubre de 2024, que, por ser feriado, se extendió hasta el martes 15 de octubre de 2024.

El 25 de octubre de 2025, Mercedes Benz USA, LLC (en adelante MBUSA) y Mercedes Benz Financial Services, LLC (en adelante MBFS), (en conjunto, la parte *querellada),* presentaron ante el DACo, *Oposición a Moción de Reconsideración.*

Por su parte, el Garaje Isla Verde, LLC, compareció el 31 de octubre de 2024, mediante *Oposición a Solicitud de Reconsideración*

Según se desprende del expediente ante nuestra consideración, a la fecha de presentado el recurso, la *Moción en Solicitud de Reconsideración,* así como las mociones en oposición a la misma previamente reseñadas, están pendiente de adjudicación por parte del ente administrativo.

Consecuentemente, habida cuenta de que aún no ha transcurrido el término dispuesto por la LPAUG para que el DACo resuelva las mociones antes mencionadas, y estando aún, la agencia dentro del término para adjudicar las mismas, dicha agencia ostenta la jurisdicción sobre el asunto. Por consiguiente, este foro no está ante una determinación final de la agencia recurrida susceptible de ser revisada por este foro revisor.

En vista de lo anterior, resulta forzoso concluir que, el recurso de marras fue presentado ante este foro de forma prematura, lo cual nos priva de jurisdicción para entender en el mismo.

**III**

Por los fundamentos antes expuestos, se *desestima* el recurso por falta de jurisdicción, al haber sido presentado el mismo de forma prematura.

Por último, aclaramos que lo aquí resuelto no impide que la parte recurrente comparezca nuevamente ante este Tribunal dentro del término jurisdiccional dispuesto por nuestro ordenamiento legal, ello, una vez el foro recurrido emita su dictamen final.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones